# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

|  |  |
|---|---|
| Daniel A. Frishberg, | ) |
| *Plaintiff Appellant*, | ) |
| v. | ) Circuit Court Number: 24-11175-H |
| University Of South Florida's Board Of Trustees, | ) District Court #: 8:24-cv-00022-TPB-NHA |
| HRSE-Capstone Tampa, LLC, | ) |
| *Defendant Appelles*, | ) |
|  | ) |

## MOTION TO SIMPLIFY PROCEDURES

Daniel Frishberg, (the "Appellant") hereby respectfully files this *Motion To Simplify Procedures* (the "Motion"). In support of his Motion, the Appellant states as follows:

## Introduction

The Appellant requests the Court to grant the following relief: (1) waive the requirement to file an Appendix (2) waive the requirement to mail physical copies of the Brief, and other documents, to the Court. In the alternative, the Appellant requests that he has additional time to mail the copies of the Brief and other documents after the deadline[1] to file them.

---

[1] The extra time would be to solely mail the documents, the Appellant will electronically file the Brief/documents by the required time

## **Argument**

The Motion should be granted because it simplifies procedures, and streamlines the process to be more efficient. No one is prejudiced by this request, and in fact all parties[2] would benefit from the Appellant not having to file an Appendix, since it would avoid delays if the Appellant makes a mistake with the Appendix. The Appellant understands that some circuits's rules waive Appendix's for *pro se* appeals, but that the 11th Circuit[3] is not one of those. The Appellant has filed this Motion to see if the Court will waive the need to file an Appendix, as it is within its judicial discretion.

The Appellant may make a mistake in the Appendix, and he does not want to create delays, and frustration for the Court, and the parties to the Appeal.

The Appellant also believes it would both be faster, and more eco-friendly/economical[4] to electronically file his Brief, and other documents, instead of mailing it to the Court.

---

[2] The Appelle opposes the relief requested within this Motion.
[3] As the Appellant is not incarcerated, the waiver of the Appendix for incarcerated individuals is not applicable.
[4] The Appellant is of limited financial resources. He was allowed to proceed *In Forma Pauperis* within the District Court. The Appellant was prepared to file a *Motion To Proceed In Forma Pauperis* within the Circuit Court until he got the notice of the due date of the Brief.

## **CONCLUSION**

For the aforementioned reasons, this motion should be **GRANTED**, as it is in the interests of judicial economy and efficiency, and it does not prejudice (contrary to what they may claim) the Appelle.

Respectfully submitted,
*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
June 11[5], 2024
Santa Clara County, California

---

[5] PST. This filing will be filed on June 11th, 2024 based on Pacific Standard Time, as the Appellant is in California. It is currently past midnight on the East Coast, so it may appear as if it was filed on the 12th of June 2024.

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)

Daniel Frishberg vs. USF Board Of Trustees et. al. Appeal No. 24-11175-H

11th Cir. R. 26.1-1(a) (enclosed) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

*(please type or print legibly)*:

| |
|---|
| Daniel Frishberg (Appellant) |
| HRSE Capstone Tampa LLC et. al. |
| Sacha Dyson/ Bush Graziano Rice & Hearing, P.A. (Appellees' Counsel) |
| The Department of Housing and Urban Development (investigating Appellees currently) |
| The Honorable Judge Thomas P. Barber (Judge in case on appeal). |
| The State of Florida / all subdivisions of it |
| United States of America (since violations of Federal law are alleged/Federal Funding is involved) |
| University Of South Florida et. al. (and their employees) |

## **Certificate Of Compliance With Rule 27(d)(2)(A)**

The Appellant hereby certifies that this Motion complies with Rule 27(d)(2)(A) as the word count is less than 5,200 words.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg

*[Rest of the page is intentionally left blank.]*

# CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2024, a true and correct copy of Daniel A. Frishberg's *Motion To Simplify Procedures* was filed in the United States Court for Appeals For The 11th Circuit (via PACER/ECF) and electronically served upon the Defendants in the case.

<u>/s/ Daniel A. Frishberg</u>
Daniel A. Frishberg
*Pro Se*
June 11, 2024

*[Rest of the page is intentionally left blank.]*