**No. 24-11175-H**

_____

**IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

_____

Daniel Frishberg, *Plaintiff-Appellant*,

v.

University Of South Florida Board Of Trustees, HRSE-Capstone Tampa, LLC, *et. al*, *Defendant-Appellee(s)*

Appeal from the United States District Court for the Middle District of Florida

No. 8:24-cv-00022-TPB-NHA[1]

_____

**PLAINTIFF APPELLANT'S MOTION TO PROCEED *IN FORMA PAUPERIS***

_____

Daniel Frishberg, *Pro Se*

danielfrishberg@usf.edu[2]

754-237-8472

___

[1] https://ecf.flmd.uscourts.gov/cgi-bin/DktRpt.pl?422507
[2] The Plaintiff-Appellant does not have an "Office Address", so he has put an email instead.

## Affidavit Under Rule 24(a)(1)

Daniel A. Frishberg, hereby swears the following:

1.  The Plaintiff Appellant's "inability to pay or to give security for fees and costs" has been shown in **Exhibit B**.

2.  The Plaintiff Appellant's "claims [to] an entitlement to redress" are stated within the Motion this Affidavit is attached to.

3.  The issues that the Plaintiff Appellant "intends to present on appeal" are stated throughout this Motion, and in **Exhibit A.**

Respectfully Signed,
*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
July 9, 2024
Santa Clara County, California

## MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Daniel A. Frishberg, (the "Plaintiff Appellant") hereby respectfully files this Motion (the "Motion") for leave to appeal *In Forma Pauperis*. The Plaintiff Appellant has previously filed for leave in the District Court pursuant to Federal Rules of Appellate Procedure ("FRAP") 24(a)(5). The Plaintiff Appellant's *Request For Leave To Appeal In Forma Pauperis/Request For Clarification* (District Court Dkt. No 31) was denied, *Order Denying* (District Court Dkt. No. 32, the "Leave To Appeal Order"), largely because the Plaintiff was unaware that he needed to present the questions on appeal within that Motion, as well as attach supporting financial documentation[3]. The Plaintiff then filed a Motion For Reconsideration (the "Motion for Reconsideration"), where he filed supporting financial documents, and attached a copy of the questions on appeal[4], the Motion for Reconsideration was denied by the District Court at District Court Dkt. No. 35 (the "Reconsideration Order").  In support of his requested relief, the Plaintiff respectfully states as follows:

---

[3] The Plaintiff Appellant has been allowed to proceed In Forma Pauperis within the District Court (District Court Dkt. No. 5). The Plaintiff Appellant's interpretation of FRAP 24(a)(3) made the Plaintiff Appellant believe that he could proceed without leave. The District Court did not find (at the time of the filing of the Motion for *Leave To Appeal In Forma Pauperis/Request For Clarification*) that the "the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis". The District Court only stated that in its denial (Dkt. No 35) of the Motion for *Leave To Appeal In Forma Pauperis/Request For Clarification*.

[4] The Plaintiff Appellant's *Designation Of Questions On Appeal And Record On Appeal* was filed at District Court Dkt. No. 33.

# Table Of Contents

1. Introduction

2. Argument

    A. Supreme Court Instructions

    B. Confusion With What Is Necessary

    C. Purported Futility

    D. Misinterpretation Of Some Arguments

3. Conclusion

Exhibit A

Exhibit B

Exhibit C

Certificate Of Interested Persons And Corporate Disclosure Statement

Certificate Of Compliance With Rule 27(d)(2)(A)

Certificate of Service

Meet And Conferring Certification

## **Introduction**

In the Reconsideration Order (District Court Dkt. No. 35) the District Court ruled that the Plaintiff Appellant's "appeal fails to present issues with arguable merit either in law or fact". The Plaintiff Appellant disagrees. The Plaintiff Appellant also repeats, realleges, and incorporates by reference all relevant arguments made within the *Plaintiff Appellant's Opening Brief* into this Motion in the relevant places.

## **ARGUMENT**

The Plaintiff's Motion should be granted, as the appeal is not frivolous, and includes serious questions requiring judicial review (*See* **Exhibit A** for the *Designation Of Questions On Appeal*). The Plaintiff Appellant was not aware of the need for supporting documents, as he was under the belief that leave to appeal in forma pauperis is only required when the District Court issues a finding that the appeal is frivolous, which did not occur in this case at the time the Motion was filed.

This Motion should be **<u>GRANTED</u>** as it has all of the required supporting documentation, including the financial disclosures (*See* **Exhibit B**l). As the disclosures show, the Plaintiff Appellant cannot afford the $600 appeal fee.

The Plaintiff Appellant's appeal is not frivolous, let alone frivolous ***solely*** because it disagrees with the Court's ruling (if that was the case, it would make all appeals 'frivolous'). Rule 8 of the Federal Rules of Civil Procedure provides that "[p]leadings must be construed so as to do justice", the Plaintiff Appellant does not believe that this occurred in this case. The District Court's actions go against the spirit of the rules within the Federal Rules Of Civil Procedure, as the District Court did not dismiss the Plaintiff Appellant's case based on the merits, but based on a technicality which occurred due to the Plaintiff Appellant's lack of skill in pleading the case.

## A. Supreme Court Instructions

The Plaintiff Appellant believes that the District Court has failed to follow the instructions of the Supreme Court. The Supreme Court has instructed the federal courts to apply the standard that a pleading filed pro se is "to be liberally construed." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018) (per curiam) (holding that "[i]n considering the defendants' motion to dismiss, the District Court was required to interpret the pro se complaint liberally"); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).

The District Court[5] cited *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019) when stating: "Although a court more liberally construes the pleadings of a pro se plaintiff, "even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action"". In *Padgett*, the pleading was fatally deficient for numerous reasons, including the Appellant waiving their right to appeal. In this case, the District Court would not need to "rewrite" the pleading, so much as it would need to substitute[6] claims brought under the Fair Housing Act with claims under the Rehabilitation Act. While both the Plaintiff Appellant's pleadings, and Pagett's are deficient, they are not the same level of deficient. It is like comparing being flicked in the head, with a fatal gunshot to the head, one is able to be corrected (such as the Plaintiff Appellant's pleading), and one is not (such as Padgett's Appeal, since among other things, they waived the right to appeal).

---

[5] The District Court, in footnote one, noted: "that Plaintiff's intent to present argument that the Court erred by dismissing certain claims as independent causes of action when those claims are in fact not independent causes of action is particularly frivolous". The Plaintiff Appellant is not quite sure what exactly an independent cause of action is, and meant it as the District Court allowing him to amend the complaint (including by removing irrelevant claims). The Plaintiff Appellant specifically named the "independent causes of action" to preserve the issue on appeal.

[6] Typically changing the title of an essay would not constitute "rewriting" of the essay, this is much more what would occur in this case. The Plaintiff Appellant is not asking for the Court to act as his counsel, but to simply allow the Plaintiff Appellant to correct his (relatively minor) mistake.

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521(1972), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements." *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); *Smith v. U.S. District Court*, 956 F.2d 295 (D.C.Cir. 1992); *Freeman v. Department of Corrections*, 949 F.2d 360 (10th Cir. 1991). The Plaintiff Appellant believes that he *can* prove a set of facts in support of his claim which would entitle him to relief, and that he has already done so.

As the Supreme Court held in *Foman v. Davis*: "Rule 15(a) declares that leave to amend "**shall** be freely given when justice so requires"; **this mandate is to be heeded**." (emphasis added) *Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

*Foman v. Davis*, also states that "in the absence of any apparent reason (e.g., undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, futility), leave to amend should be freely given, as Rule 15 requires." None of these "apparent reasons" existed in this case.

## B. Confusion With What Is Necessary

In the Reconsideration Order, the District Court cited the Plaintiff Appellant's footnote where the Plaintiff Appellant stated that he "is unsure if [amending the complaint] is necessary" as "an embedded request in his response in opposition". As the footnote said, the Plaintiff Appellant was not sure if it was required to amend his complaint, or if he could proceed as is. The Plaintiff Appellant was seeking clarity from the Court. The Plaintiff Appellant was not sure if "filing an independent motion that contained the substance of the proposed amendment" was the proper way to proceed, and has attempted to keep his filings to a minimum, since as the District Court has previously noted, the District Court is extremely busy, including with far more serious criminal trials.

## C. Purported Futility

The Plaintiff Appellant disagrees that amending the Complaint to include causes of action under the Rehabilitation Act would be futile. The Defendants' immunity has no impact on claims brought under the Rehabilitation Act.

The District Court did not state that the appeal lacks "arguable merit" until **after** the Plaintiff filed his Motion for Leave To Appeal In Forma. The Plaintiff Appellant has not briefed the issue of a claim under the Rehabilitation Act, and the complaint was not originally written to bring claims under the Rehabilitation Act, hence the need to amend it. Amending the Complaint seems far more efficient than dismissing it, and having the Plaintiff Appellant file a new complaint which brings claims under the RA.

The Defendants do not have any immunity to actions brought under the Rehabilitation Act, that much is undisputed by all parties. In the order that is on appeal (District Court Dkt. No. 27), the District Court did **not** rule that the set of facts presented by the Plaintiff Appellant would not entitle him to any relief. The District Court ruled that it lacked jurisdiction over the claims because the "Plaintiff's housing discrimination or retaliation claims in these counts are not brought under the Rehabilitation Act" (District Court Dkt. No. 27). Claim 3 (which

it should be noted, the Plaintiff Appellant is **not** appealing the dismissal of Claim

3), which was brought under the ADA, was dismissed largely because the Plaintiff

Appellant's Emotional Support Animal is not a service animal. The Plaintiff

Appellant is appealing the order because he believes that the District Court should

have allowed him to amend his complaint to include claims under the

Rehabilitation Act, or interpreted the claims as being under the Rehabilitation Act.

Among other things, the Defendants either knew, or should have known, that

their policies are in violation of both state and federal law. The Department of

Housing and Urban Development ("HUD") issued guidance[7] which explained how

the Defendants' policies were in violation of numerous federal laws. That,

combined with the other facts presented in the Complaint and Response to the

Motion To Dismiss, are enough to establish claims under the RA, and Section

1983.

The Plaintiff Appellant stated a arguable claim for relief, and that is all that

is required to not be dismissed for frivolousness. "[W]henever a plaintiff states an

*arguable* claim for relief, dismissal for frivolousness under § 1915(d) is improper,

---

[7] https://www.hud.gov/sites/dfiles/PA/documents/HUDAsstAnimalNC1-28-2020.pdf (the "HUD Guidance").

even if the legal basis underlying the claim ultimately proves incorrect." *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir.1991)".

It is not unheard of for a Trial Court to make an error, and the Plaintiff Appellant should be able to appeal the decision. The Plaintiff Appellant cannot afford the appeal fee, hence the request to appeal *in forma pauperis*.

**D. Misinterpretation Of Some Arguments**

The District Court also misinterpreted the Plaintiff Appellant's argument. The District Court stated that: "Plaintiff argues that Defendants' receipt of federal funds constitutes a waiver of sovereign immunity under the Rehabilitation Act. But Plaintiff's housing discrimination or retaliation claims in these counts are not brought under the Rehabilitation Act. And just because the state may waive immunity for one type of claim (such as the Rehabilitation Act) does not mean that it waives immunity for all possible claims (such as those under the FHA or FFHA)." The Plaintiff Appellant was *not* arguing that because the Defendants waived immunity under the Rehabilitation Act, that they waived immunity for all possible claims. The Plaintiff Appellant was showing that the Defendants waived immunity under the Rehabilitation Act, and wanted to bring claims under the RA. In the Plaintiff Appellant's response to the Defendants' Motion To Dismiss, the

Plaintiff Appellant was showing all of the ways he could bring claims against the Defendants. Clearly, it seems that the Plaintiff Appellant confused legal theories (specifically about how claims under Section 1983/*Ex Parte Young* work). What occurred in this instance is the Plaintiff Appellant's "confusion of legal theories" and his "unfamiliarity with pleading requirements". *See Boag v. MacDougall*, 454 U.S. 364 (1982).

As noted in the *Plaintiff Appellant's Opening Brief*, the District Court misunderstood critical facts of the case, including key facts which were undisputed by either party. The District Court's error is not a harmless error, as the timeline of events is critical.

## <u>CONCLUSION</u>

For the aforementioned reasons, the relief requested should be **<u>GRANTED</u>**. The Plaintiff Appellant cannot afford to pay the appeal fees (as is shown in **Exhibit B**), and due process is not only supposed to be given to those who can afford it. The Plaintiff Appellant has made mistakes, but he is doing his best, and overall the mistakes made were fairly minor. What matters most, is the facts at hand, and the issues raised by the Plaintiff Appellant, and not a few relatively minor mistakes

made by the Plaintiff Appellant. The Plaintiff Appellant never asked the District Court to act as his "de facto counsel", but to simply allow him to fix mistakes that he makes, and "explain the correct form" (*See Haines v. Kerner*) of pleadings (when necessary), and requirements to the Plaintiff Appellant. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) ("This policy of liberally construing pro se submissions is driven by the understanding that "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training".

Respectfully submitted,
*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
July 9, 2024
Santa Clara County, California

*[Rest of the page is intentionally left blank.]*

## Exhibit A:

Did the District Court err by dismissing the Plaintiff's complaint/case based on a hyper technicality (bringing the suit under the Fair Housing Act instead of under the Rehabilitation Act) made due to the Plaintiff's lack of legal training? Rule 8 of the Federal Rules of Civil Procedure provides that "[p]leadings must be construed so as to do justice". Were the pleadings "construed so as to do justice"?

1. Did the District Court err in denying leave to amend Count 5, 11 (in part), and 12 as independent causes of action into causes of action under the Rehabilitation Act or otherwise allowing them to proceed under Section 1983?

2. Did the District Court err in denying the Plaintiff's request to amend the complaint under FRCP Rule 15, when the Plaintiff stated that he "may have improperly plead numerous claims"? In footnote 48 of the Plaintiff's response to the Defendants' motion to dismiss, he stated: "[Plaintiff may have improperly plead numerous claims] Including not specifically naming several claims [like the Rehabilitation Act] in the Plaintiff's original complaint. This Court may interpret this as a request to amend the complaint under FRCP Rule 15, but the Plaintiff is unsure if that is necessary".

3. Did the District Court err by dismissing the Plaintiff's Complaint without first allowing the Plaintiff to correct a mistake made by not pleading/including a claim under the Rehabilitation Act? Should the District Court have interpreted the Plaintiff's claims as being brought under the Rehabilitation Act?

4. Should the District Court "have explain[ed] the correct form to the *pro se* plaintiff so that [he] could have amended his pleadings accordingly", to bring claims under Section 1983, and the Rehabilitation Act? And would "[it] have been appropriate for the district judge

to explain the correct form to the *pro se* plaintiff so that [he] could have amended his pleadings accordingly.", to fix the overall deficiencies that are able to be fixed[8], instead of dismissing the complaint[9]?

5.  Should the District Court have allowed the Plaintiff to amend his complaint to include causes of action against defendants as individuals under Section 1983? The Plaintiff stated that he "can add or remove Defendants to name them individually"[10]. Did the District Court err by dismissing claims that could have been brought under Section 1983 instead of explaining the defects to the Plaintiff, and allowing him to amend his complaint?

6.  Did the District Court err in denying leave to amend Count 5, 11 (in part), and 12 as independent causes of action into causes of action under the Rehabilitation Act or otherwise allowing them to proceed under Section 1983?

*[Rest of the page is intentionally left blank.]*

---

[8] The Plaintiff recognizes that the District Court ruled that the Defendants cannot be sued in Federal Court under the Fair Housing Act, but the Court did not rule that injunctive relief cannot be granted to give the Plaintiff the relief requested via a Section 1983 claim against individuals. While the relief would not be against USF (technically), it for all intensive purposes would accomplish what the Plaintiff wants— for the discrimination to stop.

[9] Quotes from: 404 U.S. 519, 521 (1972), citing *Henry Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991).

[10] Dkt. No. 24, footnote 6, and footnote 15.

**EXHIBIT B:**

**Motion for Permission to**

**Appeal In Forma Pauperis and Affidavit**

United States Court of Appeals for the Eleventh Circuit

Daniel A. Frishberg

v.

USF et. Al

Court of Appeals No. 24-11175-H
District Court No. 8:24-cv-00022-TPB-NHA

**Instructions**: Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. You must include a Certificate of Interested Persons and Corporate Disclosure Statement (attached).

**Affidavit in Support of Motion**

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Date: 07/09/2024         Signed: Daniel Frishberg

*1. My issues on appeal are:* In Exhibit A of the document that this is attached to.

(Note: the figures below are estimates, and may not be exactly correct)

Rev.: 1/22

2.  *For both you and your spouse, estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income Source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ $570 | $ N/A | $ $0.00 | $ N/A |
| Self-employment | $ N/A | $ N/A | $ 0 | $ N/A |
| Income from real property (such as rental income) | $ N/A | $ N/A | $ 0 | $ N/A |
| Interests and dividends | $ $1.00 | $ N/A | $ 0 | $ N/A |
| Gifts | $ $5.00 | $ N/A | $ 0 | $ N/A |
| Alimony | $ N/A | $ N/A | $ 0 | $ N/A |
| Child support | $ N/A | $ N/A | $ 0 | $ N/A |
| Retirement (such as Social Security, pensions, annuities, insurance) | $ N/A | $ N/A | $ 0 | $ N/A |
| Disability (such as Social Security, insurance payments) | $ N/A | $ N/A | $ 0 | $ N/A |
| Unemployment payments | $ N/A | $ N/A | $ 0 | $ N/A |
| Public-assistance (such as welfare) | $ N/A | $ N/A | $ 0 | $ N/A |
| Other (specify): _____ | $ N/A | $ N/A | $ 0 | $ N/A |
| **Total monthly income:** | $ 576.00 | $ N/A | $ 0 | $ N/A |

3.  *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| O.K | (Remote) | 06/19/2023-09/22/2023 | 570.00 |
| N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A |

4.  *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| | | | |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A |

5.  *How much cash do you and your spouse have?*   $ $20ish (don't use cash much)

2

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| First Republic Bank | Checking | $94.96 | $ N/A |
| Wells Fargo | Credit (Note that amount is negative) | $-$2,871.00 | $ N/A |
| Fidelity Investments | Individual | $0.01 (in cash) | $ N/A |

**If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.**

6.  *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home (Value) | Other Real Estate (Value) | Motor Vehicle #1 (Value) | |
|---|---|---|---|
| N/A | N/A | Make & Year: | Toyota 1994 |
| N/A | N/A | Model: | Landcruiser |
| N/A | N/A | Registration #: | Unsure |

| Other Assets (Value) | Other Assets (Value) | Motor Vehicle #2 (Value) | |
|---|---|---|---|
| ~$3500 in stocks (netted for debt) | Laptop $400 (use for school) | Make & Year | N/A |
| | Phone $300 | Model: | N/A |
| | Car, $1k (netted for repairs) | Registration #: | N/A |

7.  *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | 0 | N/A |
| N/A | 0 | N/A |
| N/A | 0 | N/A |

3

8. *State the persons who rely on you or your spouse for support.*

| Name [or, if under 18, initials only] | Relationship | Age |
|---|---|---|
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

9. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | You | Your Spouse |
|---|---|---|
| For home-mortgage payment (include lot rented for mobile home) | $ N/A | $ N/A |
| Are real-estate taxes included? ☐ Yes ☐ No | $ N/A | $ N/A |
| Is property insurance included? ☐ Yes ☐ No | $ N/A | $ N/A |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 200 | $ N/A |
| Home maintenance (repairs and upkeep) | $ 1000 (RENT) | $ N/A |
| Food | $ 425 | $ N/A |
| Clothing | $ 20 | $ N/A |
| Laundry and dry-cleaning | $ 30 | $ N/A |
| Medical and dental expenses | $ 200 | $ N/A |
| Transportation (not including motor vehicle payments) | $ 90 | $ N/A |
| Recreation, entertainment, newspapers, magazines, etc. | $ 60 | $ N/A |
| Insurance (not deducted from wages or included in mortgage payments) | $ 181 | $ N/A |
| Homeowner's or renter's | $ N/A | $ N/A |
| Life | $ N/A | $ N/A |
| Health | $ N/A | $ N/A |
| Motor Vehicle | $ 181 | $ N/A |
| Other: | $ N/A | $ N/A |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ 100 | $ N/A |
| Installment payments | $ See below | $ N/A |
| Motor Vehicle | $ N/A | $ N/A |
| Credit card (name): Fidelity/Wells Fargo | $ 200 | $ N/A |
| Department store (name): N/A | $ 0 | $ N/A |
| Other: Phone/Laptop payments | $ 300 | $ N/A |

4

| | | |
|---|---|---|
| Alimony, maintenance, and support paid to others | $ N/A | $ N/A |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ N/A | $ N/A |
| Other (specify): Cat (ESA) expenses like food, litter, medical | $ $110 | $ N/A |
| **Total monthly expenses** | $ 2916 | $ N/A |

10. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

☑ Yes  ☐ No     If yes, describe on an attached sheet.

11. *Have you spent – or will you be spending – any money for expenses or attorney fees in connection with this lawsuit?*

☑ Yes  ☐ No     If yes, how much? $ 2100

12. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

I expect no additional income (currently I have none, as I am not employeed). The previous income
was from a summer job, and there is no indication that I would be able to obtain one this year/summer.
I also have significant credit card debt coming due within the next 12 months.
My "other" asset is stock/investments netted (after debt/margin), and that's how I intend to pay my expenses. I am currently illiquid.
I'm barely managing with the expenses/debt I currently have, the $600 would be extremely hard to pay.

13. *State the city and state of your legal residence.* Mountain View, California (currently)

Your daytime phone number: ( 754 ) 237-8472
Your age: 20          Your years of schooling: 14

5

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

## <u>AND CORPORATE DISCLOSURE STATEMENT</u>

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure as well as Eleventh Circuit Rule 26.1-2, the undersigned Plaintiff Appellant hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Adams, Natalie Hirt, United States Magistrate Judge, Middle District of Florida;

2. Barber, Thomas, United States District Judge, Middle District of Florida;

3. Black, Melissa C., County Court Judge, Thirteenth Judicial Circuit, Hillsborough County, Florida

4. Bush Graziano Rice & Hearing, P.A., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

5. Capstone Development Partners, LLC;

6. Daniel Frishberg, Pro Se Plaintiff/Appellant;

7. Dyson, Sacha, counsel for Defendants, University of South Florida

Board of Trustees and HRSE-Capstone Tampa, LLC,

Defendants/Appellees;

8. Harrison Street Real Estate Capital LLC;

9. HSRE-Capstone Tampa, LLC, Defendant/Appellee;

10. Sullivan, Kevin M., counsel for Defendants, University of South

Florida Board of Trustees and HRSE-Capstone Tampa, LLC,

Defendants/Appellees

11. University of South Florida Board of Trustees, Defendant/Appellee;

12. Department of Housing and Urban Development;

13. United States of America


No other trial judge, attorney, person, association of persons, firm, partnership,

or corporation known to the Appellant, has any current interest in the

outcome of this matter.


I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded

company or corporation has an interest in the outcome of the case or appeal.

_/s/ Daniel A. Frishberg_
Daniel A. Frishberg

## **Certificate Of Compliance With Rule 27(d)(2)(A)**

The Appellant hereby certifies that this Motion complies with Rule 27(d)(2)(A) as the word count is less than 13,000 words and has been prepared in a proportionally spaced typeface in fourteen-point font of Times New Roman.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg

*[Rest of the page is intentionally left blank.]*

# CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2024, a true and correct copy of Daniel A. Frishberg's *Motion To Proceed In Forma Pauperis* was (electronically) filed with the Clerk of the United States Court Of Appeals in the Eleventh Circuit and served upon the Defendant Appellees in the case.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
July 9, 2024

*[Rest of the page is intentionally left blank.]*

## **Meet and Conferring Certification**

The Plaintiff hereby certifies that he has requested a meet and confer with the Defendants to discuss the requested relief[11] in the above Motion. The Defendants have responded to the Plaintiff's request to meet and confer, and stated that they oppose the Motion.


Respectfully submitted,
*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
July 9, 2024


*[Rest of the page is intentionally left blank.]*

---

[11] The Defendant Appellees opposed the requested relief when it was filed in the District Court. The Plaintiff Appellant has not heard back from the Defendant Appellees as of the time of this filing, but presumes that they oppose the requested relief.