CASE NO. 24-11175-H

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

DANIEL FRISHBERG

(Plaintiff/Appellant)

vs.

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, ET AL.

(Defendants/Appellees)
_____

An Appeal from the United States District Court
for the Middle District of Florida, Fort Myers Division
_____

District Court Docket No. 8:24-cv-00022-TPB-NHA
_____

APPELLEES' RESPONSE TO APPELLANT'S
MOTION TO PROCEED IN FORMA PAUPERIS

SACHA DYSON
Florida Bar No. 509191
KEVIN M. SULLIVAN
Florida Bar No. 1003812
BUSH GRAZIANO RICE &
HEARING, P.A.
100 S. Ashley Drive, Suite 1400
Tampa, Florida 33602
(813) 228-7000 (telephone)
(813) 273-0091 (facsimile)
sdyson@bgrhlaw.com;
ksullivan@bgrhlaw.com

Case No. 24-11175-H.<br>
<u>Frishberg v. University of South Florida</u><br>
<u>Board Trustees, et al.</u>

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure as well as Eleventh Circuit Rule 26.1-2, the undersigned counsel of record hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Adams, Natalie Hirt, United States Magistrate Judge, Middle District of Florida;

2. Barber, Thomas, United States District Judge, Middle District of Florida;

3. Black, Melissa C., County Court Judge, Thirteenth Judicial Circuit, Hillsborough County, Florida

4. Bush Graziano Rice & Hearing, P.A., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

5. Capstone Development Partners, LLC;

6. Daniel Frishberg, Pro Se Plaintiff/Appellant;

Case No. 24-11175-H.<br>
<u>Frishberg v. University of South Florida</u><br>
<u>Board Trustees, et al.</u>

7. Dyson, Sacha, counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

8. Harrison Street Real Estate Capital LLC;

9. HSRE-Capstone Tampa, LLC, Defendant/Appellee;

10. Sullivan, Kevin M., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees

11. University of South Florida Board of Trustees, Defendant/Appellee;

No other trial judge, attorney, person, association of persons, firm, partnership, or corporation known to the Appellees or their counsel, has any current interest in the outcome of this matter.

I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

Case No. 24-11175-H.
<u>Frishberg v. University of South Florida</u>
<u>Board Trustees, et al.</u>

## RESPONSE TO MOTION

Appellant seeks to proceed in forma pauperis. Appellant's Motion should be denied because, as the District Court determined, his appeal is not taken in good faith as required by 28 U.S.C. § 1915. Appellant cannot demonstrate good faith in his appeal.

In the Notice of Appeal, the only order challenged is the District Court's ruling dismissing his claims. Nonetheless, Plaintiff, now on appeal, appears to argue that the District Court erred when it did not construe his complaint to raise a new claim and did not grant "an embedded request in his response in opposition." (Order (Dkt. No. 35) (finding that "[m]any of the issues raised by Plaintiff relate to the Court's dismissal of the case without leave to amend the complaint, and whether the Court should have instead specifically told Plaintiff how to amend his complaint to state viable claims").[1] Thus, Plaintiff attempts to raise an argument on appeal that was not raised below. The district court certainly did not err or abuse its discretion in finding this appeal was not taken in good faith.

---

[1] Notably, Appellant did not even request leave to amend in the response, but merely suggested that the District Court "may interpret [his improperly pled claims] as a request to amend the complaint under FRCP Rule 15." (Response (Dkt. No. 24) at 16 n.48).

1

Case No. 24-11175-H.
<u>Frishberg v. University of South Florida
Board Trustees, et al.</u>

When a party has not received prior approval to proceed in forma pauperis, the party who desires to file an appeal in forma pauperis must file a motion in the district court. Fed. R. App. P. 24(a)(1). The party must attach to the motion an affidavit that: "(1) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; (3) states the issues that the party intends to present on appeal." <u>Id.</u>  An appeal, however, may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.  28 U.S.C § 1915(a)(3). An appeal is not taken in good faith if the issues the party seeks to appeal are frivolous or if the appeal cannot succeed as a matter of law. <u>DeSantis v. United Tech. Corp.</u>, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998); <u>see also</u> <u>Ghee v. Retailers Nat. Bank</u>, 271 F. App'x 858, 859 (11th Cir. 2008) (holding that the district court did not abuse its discretion in denying the plaintiff's motion to proceed in forma pauperis on appeal because "each claim in the appeal was frivolous"). A district court's denial of a motion for leave to proceed in forma pauperis is reviewed for an abuse of discretion. <u>Martinez v. Kristi Kleaners, Inc.</u>, 364 F.3d 1305, 1306 (11th Cir. 2004).

On April 21, 2024, Appellant sought leave with the District Court to appeal in forma pauperis. (Dkt No. 31). On April 23, 2024, the District Court denied

2

Case No. 24-11175-H.
Frishberg v. University of South Florida
Board Trustees, et al.

Appellant's motion after finding that the appeal was not taken in good faith because Appellant failed to present any issues for appeal and failed to provide any financial information. (Dkt No. 32). On April 24, 2024, Appellant filed a Motion for Reconsideration, asking the District Court to reconsider its order denying his request to appeal in forma pauperis because he was not aware that he needed to satisfy the elements of Fed. R. App. P. 24(a)(1)(C). (Dkt No. 34 at 1–2). Appellant asserted that he is appealing the order because he believes that the District Court should have allowed him to amend his complaint to include claims under the Rehabilitation Act. (See id. at 4). It is undisputed that Plaintiff never filed a motion for leave to the amend the complaint to assert a new claim.

On April 30, 2024, the District Court denied Appellant's motion. (Dkt No. 35). The District Court again found that Appellant failed to present issues with arguable merit either in law or fact. (See id. at 2). The District Court concluded that any arguable request for leave to amend was not properly before the Court, as it was contained only in his response in opposition to the motion to dismiss rather than an independent motion that contained the substance of the proposed amendment. (See id. at 2–3). The District Court also concluded that amendment would have been futile because under the facts alleged by Appellant, which the Court accepted as

3

Case No. 24-11175-H.
<u>Frishberg v. University of South Florida
Board Trustees, et al.</u>

true, there was no viable Rehabilitation Act claim. (<u>See</u> <u>id.</u> at 3). The District Court noted that it is not required to permit an amendment to assert futile claims. (<u>Id.</u>).

Here, Appellant provides no basis for concluding that the District Court abused its discretion in denying his motion to proceed in forma pauperis. Indeed, the only order appealed by Appellant is the dismissal order. Appellant's initial brief does not even challenge the District Court's rulings in the Order Granting Defendants' Motion to Dismiss regarding dismissal of his claims. (<u>See</u> Motion at 10–11 ("Plaintiff Appellant is not appealing the dismissal of Claim 3[ ], which was brought under the ADA . . . ."); Initial Brief at 5 ("The Plaintiff Appellant admits that he (due to his lack of legal training) likely had a 'confusion of legal theories' when he brought claims under the Fair Housing Act . . . ."); Initial Brief at 7 (stating that "amendment may be futile to correct the claim brought under the ADA").

Instead, he argues that the District Court should have granted him, sua sponte, an amendment to attempt to state a separate claim under the Rehabilitation Act not included in his Complaint. (<u>See</u> Motion at 7; Initial Brief at 4). However, as explained by the District Court below, Appellant never file a motion to amend. (<u>See</u> Response at 16 n.48; Order (Dkt. No. 35) at 2-3). Appellant's suggestion of an amendment, which does not directly request permission to amend nor provide a proposed pleading, was embedded within an opposition memorandum. (Response

4

Case No. 24-11175-H.
Frishberg v. University of South Florida
Board Trustees, et al.

at 16 n.48). The request was not raised in a motion, as required by the Federal Rules of Civil Procedure, and possessed no legal effect. See Cita Tr. Co. AG v. Fifth Third Bank, 879 F.3d 1151, 1157 (11th Cir. 2018) ("To properly request leave to amend, a plaintiff must satisfy two requirements: (1) file a motion for leave to amend and (2) either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."). Plaintiff's pro se status does not excuse his non-compliance with Federal Rules of Civil Procedures, including Rules 7 and 15. Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules.").

The District Court repeatedly warned Appellant before and after the motion to dismiss was filed of his obligation to follow the procedural rules, including the rules set forth in the Federal Rules of Civil Procedure. Specifically, at the outset of the action, the district court warned Appellant that "even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida." (Order (Dkt. No. 5) at 2 n.2). It also expressly instructed Appellant to review the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website. (Id.). The guide explained what a motion is, that a motion is necessary to

5

USCA11 Case: 24-11175    Document: 29    Date Filed: 07/22/2024    Page: 9 of 12

Case No. 24-11175-H.
<u>Frishberg v. University of South Florida</u>
<u>Board Trustees, et al.</u>

seek relief from the court, and he is "responsible for following the rules and procedures that govern the court process." (Guide at 4, 21-23). The District Court again reminded Appellant of his obligation to comply with the rules prior to the filing of the motion to dismiss and Appellant's response. (Order (Dkt. No. 9) at 5 ("Plaintiff should not assume that violations of court rules or other legal requirements will be overlooked. Even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida.")). After the filing of the motion to dismiss, the Court twice reminded Appellant of his obligation to comply with the applicable rules. (Order (Dkt. No. 20); Order (Dkt. No. 23)).

Therefore, the District Court could not have erred, let alone abused its discretion, because the only issue Appellant seeks to raise – that the Court improperly denied him leave to add a claim – is contrary to well-settled precedent. Appellant did not seek leave to amend, and thus, the sole issue alleged on appeal also was not presented to the district court. Appellant did not follow the procedural rules and seek leave to amend the Complaint. The suggestion imbedded in the Appellant's response was that the Court "may interpret" his improperly pled claim as a claim that he could bring under the Rehabilitation Act. (Response at 16 n.48). That is not a request for leave to amend, it does not follow the procedural rules for

6

Case No. 24-11175-H.
<u>Frishberg v. University of South Florida</u>
<u>Board Trustees, et al.</u>

seeking an amendment as recognized by this Court, and it does not present the claim that Appellant seeks to add. Instead, it simply invites the district court to re-write his complaint, which the district court properly refused to do. <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1320 (11th Cir. 2006) ("[Our] duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff].").

As the Eleventh Circuit has recognized, "[a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." <u>Ghee</u>, 271 F. App'x at 859. For all of the foregoing reasons, Appellant cannot demonstrate that his appeal has been brought in good faith or presents a nonfrivolous argument to be presented on appeal. Appellant has not and cannot show that the District Court's decision denying permission to proceed in forma pauperis as provided in 28 U.S.C. § 1915 was an abuse of discretion.

WHEREFORE, Appellees respectfully request the Court to enter an order denying the Motion.

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this

7

Case No. 24-11175-H.<br>
<u>Frishberg v. University of South Florida</u><br>
<u>Board Trustees, et al.</u>

response has been prepared in a proportionally spaced typeface in fourteen-point font of Times New Roman. This motion contains 2,214 words.

Dated this <u>22nd</u> day of July, 2024

> Respectfully submitted,
>
> <u>*s/Sacha Dyson*</u>
> SACHA DYSON
> Florida Bar No. 509191
> KEVIN M. SULLIVAN
> Florida Bar No. 1003812
> BUSH GRAZIANO RICE & HEARING, P.A.
> 100 S. Ashley Drive, Suite 1400
> Tampa, Florida 33602
> (813) 228-7000 (telephone)
> (813) 273-0091 (facsimile)
> sdyson@bgrhlaw.com;
> ksullivan@bgrhlaw.com
> Attorneys for Appellees

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this <u>22nd</u> day of July, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to:

Daniel Frishberg
284 Monroe Drive
Mountain View, CA 94040

Pro Se Plaintiff/Appellee

8

Case No. 24-11175-H.
<u>Frishberg v. University of South Florida</u>
<u>Board Trustees, et al.</u>

*s/ Sacha Dyson*
Attorney