**No. 24-11175-H**

_____

**IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

_____

Daniel Frishberg, *Plaintiff-Appellant,*

v.

University Of South Florida Board Of Trustees, HRSE-Capstone Tampa, LLC, *et. al, Defendant-Appellee(s)*

Appeal from the United States District Court for the Middle District of Florida

No. 8:24-cv-00022-TPB-NHA[1]

_____

**APPELLANT'S RESPONSE TO DEFENDANT APPELLEES' RESPONSE TO PLAINTIFF APPELLANT'S MOTION TO PROCEED *IN FORMA PAUPERIS***

_____

Daniel Frishberg, *Pro Se*

danielfrishberg@usf.edu[2]

754-237-8472

---

[1] https://ecf.flmd.uscourts.gov/cgi-bin/DktRpt.pl?422507
[2] The Plaintiff-Appellant does not have an "Office Address", so he has put an email instead.

Case No. 24-11175-H.

Frishberg v. University of South Florida

Board Trustees, et al.

## CERTIFICATE OF INTERESTED PERSONS

## AND CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure as well as Eleventh Circuit Rule 26.1-2, the undersigned Plaintiff Appellant hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Adams, Natalie Hirt, United States Magistrate Judge, Middle District of Florida;

2. Barber, Thomas, United States District Judge, Middle District of Florida;

3. Black, Melissa C., County Court Judge, Thirteenth Judicial Circuit, Hillsborough County, Florida

4. Bush Graziano Rice & Hearing, P.A., counsel for Defendants,

University of South Florida Board of Trustees and HRSE-Capstone

Tampa, LLC, Defendants/Appellees;

5. Capstone Development Partners, LLC;

6. Daniel Frishberg, Pro Se Plaintiff/Appellant;

7. Dyson, Sacha, counsel for Defendants, University of South Florida

Board of Trustees and HRSE-Capstone Tampa, LLC,

Defendants/Appellees;

8. Harrison Street Real Estate Capital LLC;

9. HSRE-Capstone Tampa, LLC, Defendant/Appellee;

10. Sullivan, Kevin M., counsel for Defendants, University of South

Florida Board of Trustees and HRSE-Capstone Tampa, LLC,

Defendants/Appellees

11. University of South Florida Board of Trustees, Defendant/Appellee;

12. Department of Housing and Urban Development;

13. United States of America


No other trial judge, attorney, person, association of persons, firm, partnership, or

corporation known to the Appellant, has any current interest in the

outcome of this matter.

I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded

company or corporation has an interest in the outcome of the case or appeal.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg

*[Rest of the page is intentionally left blank.]*

## TABLE OF CONTENTS

1. Introduction

2. Argument

  A. Defendant Appellees' Misrepresentations About FHA Claims Statement

  B. Defendant Appellees' Misrepresentations About Rewriting Of The Complaint/Request To Amend

  C. Defendant Appellees' Misrepresentation About Futility To Amend

  D. District Court's Reminders

  E. Issues On Appeal

  F. Appeal Purportedly Not Taken In Good Faith

  G. In Forma Pauperis

3. Conclusion

I.  Certificate Of Compliance With Rule 27(d)(2)(A)

II.  Certificate Of Service

*[Rest of the page is intentionally left blank.]*

# Introduction

The Appellees blatantly misrepresent the contents of the Plaintiff Appellants filings, and the arguments made in them. They intentionally omit relevant parts of quotes, and are misleading this Court. The Appellees incorrectly stated numerous things, including that the Plaintiff Appellant "does not even challenge the District Court's rulings in the Order Granting Defendants' Motion to Dismiss". **This is a blatant misrepresentation**. The Plaintiff Appellant does not challenge the ruling in the *Order Granting Defendants' Motion To Dismiss* **solely** in relation to Claim 3, (which was brought under the ADA), and the Plaintiff Appellant clearly stated as much[3]. Just because the Plaintiff Appellant does not challenge the ruling on one claim, does not mean he does not challenge rulings on other claims. The Defendants Appellees' arguments are *fatally* flawed, as the core of their argument is not only incorrect, but grossly misleading, they allege that: "the only issue Appellant seeks to raise –[is] that the Court improperly denied him leave to add a claim". That is false. This case has been *littered* with the Defendant Appellees misrepresenting the facts of the case, including falsely claiming that the Plaintiff Appellant stated[4] that he allowed his ESA out of his room for the benefit of the cat.

---

[3] The full footnote which the Defendants reference, states: "For the avoidance of doubt, the Plaintiff Appellant is not appealing the dismissal of Count 3, which was brought under the Americans with Disabilities Act (the "ADA")."

[4] For the avoidance of doubt, the Plaintiff Appellant **categorically denies** ever saying this to the Defendant Appellees. The Defendant Appellees misquoted a statement the Plaintiff Appellant made about how his ESA snuck out of his room a small handful of times while the Plaintiff Appellant was distracted (such as by carrying a hot bowl of microwaved mac and cheese into his room). The Plaintiff Appellant did tell **his peers** that he was in the common area with the

The Defendant Appellees' misrepresentations could be the reason that the District Court misconstrued the facts of the case so severely.

The District Court's Order dismissing the case is fatally flawed, as among other things, the District Court misunderstood vital facts of the case, including the timeline of events. The timeline of events is critical for this case. The Defendant Appellees' claims that this appeal is frivolous not only rely on flawed facts, but on the ruling of the District Court, which misunderstood material facts of this case. The District Court's handling of this case, including misunderstanding the timeline of events (and effectively inventing it's own timeline, as neither the Plaintiff Appellant, nor the Defendant Appellees cited a timeline similar to what the District Court came up with) is the reason this case needs to be appealed, so relying on the District Court's faulty assumptions, is not what should occur.

The Defendant Appellees' Response is riddled with too many inaccuracies, and false assumptions, for the Plaintiff Appellant to be able to address each individual one in detail, but he has done his best to address the important ones.

---

ESA because his room was too small, but that was so as to not tell his peers about his disabilities. This should not be misconstrued as an admission of anything, such as the validity of the Defendant Appellees' preposterous claims. The Plaintiff Appellant was in the common area of the dwelling with his ESA, for his own benefit, and any benefits the ESA obtained were incidental, and not the goal of the use of the common area.

It should be noted that the Defendant Appellees do not contest the Plaintiff Appellant's lack of financial resources, and are making arguments based on misleading quotes/information, to attempt to show that the Plaintiff Appellant's appeal is frivolous. The issue is not whether the Plaintiff Appellant "will ultimately prevail but whether the [Plaintiff Appellant] is entitled to offer evidence to support the claims. Indeed **it may *appear* on the face of the pleadings that a recovery is very remote and unlikely *but that is not the test***." *See Scheuer v. Rhodes*, 416 US 232 - Supreme Court 1974.

## Argument

The Defendant Appellees' Response contains numerous misrepresentations, including misleading this court by intentionally leaving out parts of quotes in order to twist[5] the Plaintiff Appellant's words, and misrepresent what was written. The Defendant Appellees' arguments rests largely on two incorrect assumptions: (I) that the Plaintiff Appellant had no viable claims under the Rehabilitation Act (II) the Plaintiff Appellant "does not even challenge the District Court's rulings in the Order Granting Defendants' Motion to Dismiss regarding dismissal of his claims".

---

[5] The Plaintiff Appellant is aware that a lawyer's job is to make arguments to the best of their abilities for their clients, but this stretches beyond that, and into the territory of breaking ethics, as it is a material misrepresentation. According to the American Bar Association: "A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts". Several of the statements made by the Defendant Appellees cross the line and may veer into the realm of lying. The Defendant Appellees' argument that the Plaintiff Appellant does not challenge the dismissal of his claims is a blatant lie.

That is incorrect, as (I) the District Court misunderstood critical facts of the case, including the timeline of events (which is crucial in this case) (II) the Defendant Appellees cited a footnote the Plaintiff Appellant made specifically in regards to Claim 3, which as shown hereinafter, is not only grossly misleading, but factually incorrect.

## A. Defendant Appellees' Misrepresentations About FHA Claims Statement

The Defendant Appellees are again grossly misrepresenting what the Plaintiff stated. When they cite "Initial Brief at 5 ("The Plaintiff Appellant admits that he (due to his lack of legal training) likely had a 'confusion of legal theories' when he brought claims under the Fair Housing Act . . . .")", they do not include the the rest of the sentence, which states "which would have been better[6] brought under the Rehabilitation Act". The Defendant Appellees also omitted the footnote, in which the Plaintiff Appellant further clarified:

"[which would have been better brought under the Rehabilitation Act] By him as an individual, due to the Defendants' likely 11th Amendment Immunity. The Plaintiff Appellant would have succeeded under his Fair Housing Act claims but for the Defendants' immunity. The Department of Housing and Urban Development ("HUD") has an ongoing action against the Defendant Appellees, and HUD would not be bound by the same limitations as the Plaintiff Appellant."

---

[6] Footnote removed for this quote. See below this paragraph for the footnote.

For simplicity's sake, the full sentence they quoted is shown below with the footnote. *See* **Exhibit A**

**Exhibit A[7]:**

The District Court erred in its failure to liberally interpret the Plaintiff Appellants' filings. The Plaintiff Appellant admits that he (due to his lack of legal training) likely had a "confusion of legal theories" when he brought claims under the Fair Housing Act, which would have been better[5] brought under the Rehabilitation Act.

[5] By him as an *individual*, due to the Defendants' likely 11th Amendment Immunity. The Plaintiff Appellant would have succeeded under his Fair Housing Act claims but for the Defendants' immunity. The Department of Housing and Urban Development ("HUD") has an ongoing action against the Defendant Appellees, and HUD would not be bound by the same limitations as the Plaintiff Appellant.

## B. Defendant Appellees' Misrepresentations About Rewriting Of The Complaint/Request To Amend

The Defendant Appellees also incorrectly state that in his response to the Defendants' Motion To Dismiss, the Plaintiff Appellant "invites the district court to re-write his complaint". **Not so**. The request that the Plaintiff made was to be allowed to amend his complaint. Even if it is a purportedly improper request, this

[7] The sentence in question highlighted/selected.

request does **not** invite the District Court to rewrite anything. The full quote of

footnote 48, which the Defendant Appellees reference is:

"Including not specifically naming several claims in the Plaintiff's original complaint.
This Court may **interpret this as a request to amend the complaint under FRCP Rule
15, but the Plaintiff is unsure if that is necessary**." (emphasis added).

    At no point in the footnote does the Plaintiff Appellant ask the District Court

to "rewrite his complaint". The District Court should have allowed the Plaintiff an

opportunity to amend his complaint before dismissing it, as amending it to

effectively swap out the names of "Fair Housing Act" to "Rehabilitation Act"

would have negated the Defendant Appellees' 11th amendment immunity.


    *Pro se* pleadings, "however inartfully pleaded," must be held to "less

stringent standards than formal pleadings drafted by lawyers" and can only be

dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief.'"

*Haines v. Kerner*, 404 U.S. 519, 520-521(1972), quoting *Conley v. Gibson*, 355

U.S. 41, 45-46 (1957). "If the court can **reasonably** **read pleadings to state a

valid claim on which the litigant could prevail, it should do so despite failure

to cite proper legal authority, confusion of legal theories**, poor syntax and

sentence construction, or **litigant's unfamiliarity with pleading requirements**."

(emphasis added). *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel.*

*Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); *Smith v. U.S. District Court*, 956 F.2d 295 (D.C.Cir. 1992); *Freeman v. Department of Corrections*, 949 F.2d 360 (10th Cir. 1991). The District Court could have "***reasonably* read pleadings to state a valid claim on which the litigant could prevail**", to interpret the claims as being brought under the Rehabilitation Act. Doing so would ***not*** require the court to "act as de facto counsel" on behalf of the Plaintiff Appellant. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019). Nor would it require the District Court to "rewrite an otherwise deficient pleading in order to sustain an action". The District Court either interpreting the claims as being brought under the Rehabilitation Act, or allowing the Plaintiff Appellant to amend the complaint to bring the claims under the Rehabilitation Act would **not** require the District Court to act as de facto counsel. In fact, the District Court's interpretation of the claims being brought under the Rehabilitation Act would not be rewriting anything[8].

---

[8] It is like how changing the title of an essay would not constitute "rewriting" of the essay, this is much more like what would occur in this case. In the footnote cited by the Defendant Appellees, the Plaintiff Appellant was not asking for the Court to act as his counsel, but to simply allow the Plaintiff Appellant to correct his (relatively minor) mistake.

## C. Defendant Appellees' Misrepresentation About Futility To Amend

The Defendant Appellees once again blatantly misrepresent what the Plaintiff Appellant stated. The following quote which they provided was extremely misleading: "Initial Brief at 7 (stating that "amendment may be futile to correct the claim brought under the ADA")." The footnote in question was in reference to the District Court's ruling *specifically* about Claim 3 being futile, and unambiguously stated that it was specifically about Claim 3, and an amendment would **not** be futile for claims brought under the FHA. The footnote in question stated:

"This finding was **specifically about Claim 3**, which was brought under the Americans with Disabilities Act (the "ADA"). While an amendment ***may*** be futile to correct the claim brought under the ADA, **it would *not* be futile to correct the claims brought under the Fair Housing Act**." (emphasis added)

For simplicity's sake, the full sentence the Defendant Appellees quoted is shown with context, below with the footnote. *See* **Exhibit B.**

*[Rest of the page is intentionally left blank.]*

**Exhibit B[9]**:

    The District Court's ruling is fatally flawed, and must be overturned, in part because it misunderstands several key details[6] of the case, including the timeline/order of events. The District Court's misunderstanding of the facts led it to conclude that an amendment would be "futile"[7]. Which is incorrect, as an amendment would not be "futile". The District Court also abused its discretion by denying leave to amend when an amendment would have corrected deficiencies within the Plaintiff Appellants' Complaint.

    [7] This finding was specifically about Claim 3, which was brought under the Americans with Disabilities Act (the "ADA"). While an amendment may be futile to correct the claim brought under the ADA, it would not be futile to correct the claims brought under the Fair Housing Act.

## D. District Court's Reminders

    The Defendant Appellees state that "[a]fter the filing of the motion to dismiss, the Court twice reminded Appellant of his obligation to comply with the applicable rules. (Order (Dkt. No. 20); Order (Dkt. No. 23)).". What the Defendants Appellees do not state was that those reminders were about a specific local rule, specifically about conferring with the Defendant Appellees prior to seeking relief from the Court.

---

[9] The sentence in question highlighted/selected.

The Plaintiff Appellant is not trying to excuse his actions, just to provide further context. It is easy for the Defendant Appellees to lecture the Plaintiff Appellant in hindsight, as hindsight is both 20/20, and they have had weeks to prepare this response, and most importantly, are lawyers. The Plaintiff Appellant has, contrary to what is implied by the Defendant Appellees, read the pro se guide, and the local rules. The Federal Rules of Civil Procedure are hundreds[10] of pages long, so it is unreasonable of the Defendant Appellees to suggest that the Plaintiff Appellant should know every single rule.

### E.  Issues on Appeal

The Defendant Appellees' allegations that the "only issue Appellant seeks to raise – that the Court improperly denied him leave to add a claim" are incorrect. As stated earlier, the Plaintiff Appellant raised numerous issues other than "Court improperly den[ying] him leave to add a claim" (as seen in his *Designation Of Questions On Appeal*) such as:

Question On Appeal 2: "Did the District Court err by dismissing the Plaintiff's complaint/case based on a hyper technicality (bringing the suit under the Fair Housing Act instead of under the Rehabilitation Act) made due to the Plaintiff's lack of legal training?" And "Rule 8 of the Federal Rules of Civil Procedure provides that "[p]leadings must be construed so as to do justice". Were the pleadings "construed so as to do justice"?"

---

[10] A google search shows several results, with varying lengths of 180 pages to over 400 pages, when searching for the length of the rules of Federal Rules of Civil Procedure

<u>Question On Appeal 5</u>: "Should the District Court "have explain[ed] the correct form to the *pro se* plaintiff so that [he] could have amended his pleadings accordingly", to bring claims under Section 1983, and the Rehabilitation Act? And would "[it] have been appropriate for the district judge to explain the correct form to the *pro se* plaintiff so that [he] could have amended his pleadings accordingly.", to fix the overall deficiencies that are able to be fixed, instead of dismissing the complaint?" (footnotes removed)

<u>Question On Appeal 6</u>: "Should the District Court have allowed the Plaintiff to amend his complaint to include causes of action against defendants as individuals under Section 1983? The Plaintiff stated that he "can add or remove Defendants to name them individually". Did the District Court err by dismissing claims that could have been brought under Section 1983 instead of explaining the defects to the Plaintiff, and allowing him to amend his complaint?" (footnotes removed)

The Defendant Appellees make it seem like the Plaintiff Appellant asked the questions on appeal randomly, and believes that the procedural rules do not apply to him, which is patently incorrect. The Plaintiff Appellant is doing his best to follow all of the many rules, in this fairly complex litigation. The structuring of some of the questions is directly based on quotes from precedent from the Supreme Court and circuit courts.

## F. Appeal Purportedly Not Taken In Good Faith

The Defendant Appellees heavily rely on the District Court's ruling that the Appeal was not taken in good faith. The District Court not only erred in its decisions to dismiss the case, but the part that is relevant here: the District Court erred in the critical basic facts of the case. The District Court may believe that the

appeal is frivolous, but that is because it misunderstood the facts of the case. Even if the District Court did not misunderstand the facts of the case, the appeal still is not frivolous. Both the Fair Housing Acts, and Rehabilitation Acts make it crystal clear that what the Defendant Appellees did was illegal and discriminatory.

### G. *In Forma Pauperis* Approval

The Defendant Appellees also incorrectly stated that the Plaintiff Appellant has "not received prior approval to proceed in forma pauperis". The Plaintiff Appellant *did* receive prior approval to proceed in forma pauperis within the District Court Case. FRAP 24(a)(3) states that "A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization". The Plaintiff Appellant believed that he could proceed without "further authorization" at the time he filed the original Motion to Proceed In Forma Pauperis/Motion For Clarification within the District Court, which is why the Plaintiff Appellant did not provide financial documentation.

## **CONCLUSION**

As both the aforementioned and the *Plaintiff Appellant's Opening Brief* explain, the District Court erred in numerous ways, which then caused the District Court to falsely believe that this appeal is frivolous and not taken in good faith. The Defendant Appellees now rely on the District Court's flawed rulings, and their own misrepresented purported facts/distortions of what the Plaintiff Appellant said/argued, to argue that the appeal is frivolous and that Leave to Proceed In Forma Pauperis should not be denied. The Defendants are incorrect, and their objection should be **OVERRULED**, and the *Plaintiff Appellant's Motion To Proceed In Forma Pauperis* should be **GRANTED**. The Defendant Appellees would not be the ones paying the fee if the fee is waived, and all they are doing is attempting to increase the costs of litigation against the Plaintiff Appellant, who has significantly more limited financial resources. The Defendant Appellees already have a significant power advantage over the Plaintiff Appellant, as they are a "arm of the state", and are the ones in the wrong. The District Court erred in dismissing the Plaintiff Appellant's complaint without granting him an opportunity to amend it to correct the defects. The District Court's decision should be reviewed by this Court, hence the fee should be **WAIVED**.


Respectfully submitted,
*/s/ Daniel A. Frishberg*

Daniel A. Frishberg
*Pro Se*
July 25, 2024
Santa Clara County, California

*[Rest of the page is intentionally left blank.]*

## **Certificate Of Compliance With Rule 27(d)(2)(A)**

The Appellant hereby certifies that this Motion complies with Rule 27(d)(2)(A) as the word count is less than 13,000 words and has been prepared in a proportionally spaced typeface in fourteen-point font of Times New Roman.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg

*[Rest of the page is intentionally left blank.]*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2024, a true and correct copy of Daniel A.

Frishberg's *Appellant's Response To Defendant Appellees' Response To Plaintiff*

*Appellant's Motion To Proceed In Forma Pauperis* was filed in the United States

Court for Appeals For The 11th Circuit (via PACER/ECF) and electronically

served upon the Defendants in the case.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
July 25, 2024

*[Rest of the page is intentionally left blank.]*