Appeal No. 24-11175-H

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

————————————

## DANIEL FRISHBERG,

(Plaintiff/Appellant)

vs.

## UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, ET AL.,

(Defendants/Appellees)

————————————

**An Appeal from the United States District Court
for the Middle District of Florida, Tampa Division**

**District Court Docket No. 8:24-cv-00022-TPB-NHA**

————————————

## ANSWER BRIEF OF APPELLEES

————————————

Sacha Dyson
Florida Bar No. 509191
Kevin M. Sullivan
Florida Bar No. 1003812
Bush Graziano Rice & Hearing, P.A.
100 S. Ashley Drive, Suite 1400
Tampa, Florida 33602
(813) 228-7000 (telephone)
(813) 273-0091 (facsimile)
sdyson@bgrhlaw.com;
ksullivan@bgrhlaw.com

Case No. 24-11175-H
<u>Frishberg v. University of South Florida</u>
<u>Board of Trustees, et al.</u>

**<u>CERTIFICATE OF INTERESTED PERSONS</u>**
**<u>AND CORPORATE DISCLOSURE STATEMENT</u>**

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure as well as Eleventh Circuit Rule 26.1-2, the undersigned counsel of record hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1.    Adams, Natalie Hirt, United States Magistrate Judge, Middle District of Florida;

2.    Barber, Thomas, United States District Judge, Middle District of Florida;

3.    Black, Melissa C., County Court Judge, Thirteenth Judicial Circuit, Hillsborough County, Florida;

4.    Bush Graziano Rice & Hearing, P.A., counsel for Appellees, University of South Florida Board of Trustees and HSRE-Capstone Tampa, LLC, Defendants/Appellees;

5.    Capstone Development Partners, LLC;

6.    Daniel Frishberg, Pro Se Plaintiff/Appellant;

7.    Dyson, Sacha, counsel for Appellees, University of South Florida Board of Trustees and HSRE-Capstone Tampa, LLC, Defendants/Appellees;

8.    Harrison Street Real Estate Capital LLC;

Case No. 24-11175-H
<u>Frishberg v. University of South Florida</u>
<u>Board of Trustees, et al.</u>

9.     HSRE-Capstone Tampa, LLC, Defendant/Appellee;

10.     Sullivan, Kevin M., counsel for Appellees, University of South Florida Board of Trustees and HSRE-Capstone Tampa, LLC, Defendants/Appellees; and

11.     University of South Florida Board of Trustees, Defendant/Appellee.

I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

No other trial judge, attorney, person, association of persons, firm, partnership, or corporation known known to the Appellees or their counsel, has any current interest in the outcome of this matter.

## PRELIMINARY STATEMENT

For purposes of this appeal, the Appellant, Daniel Frishberg, the Plaintiff below, will be referred to as "Frishberg."  Appellee University of South Florida Board of Trustees will be referred to as "USF."  Appellee HSRE-Capstone Tampa, LLC, will be referred to as "HSRE."  In addition, pursuant to Federal Rule of Appellate Procedure 28(e) and the Eleventh Circuit Rule 28-1 and 28-5, entries on the District Court's docket will be referred to as "(short name of document (R[docket number]: [page, paragraph, exhibit number, or Bates stamp number]))," e.g., (Complaint (R4:9)), (Complaint (R4: ¶ 9)), or (Complaint (R4: Ex. 9)).  References to documents will refer to the original page numbers of such documents.  However, as directed in Eleventh Circuit Rule 28-5, the page number in a transcript is the page number that appears in the header generated by the District Court's electronic filing system.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellees do not request oral argument in this case.  Appellees assert that oral argument is unnecessary because the issues have been authoritatively decided and the facts and legal arguments are adequately presented in the briefs and record. Appellees further maintain that oral argument will not aid significantly in the decisional process in this case.

## **TABLE OF CONTENTS**

Page

CERTIFICATE OF INTERESTED PERSONS ....................................................C-1

PRELIMINARY STATEMENT ...........................................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................ ii

TABLE OF CONTENTS...................................................................................... iii

TABLE OF AUTHORITIES ................................................................................v

STATEMENT OF JURISDICTION......................................................................1

STATEMENT OF ISSUES ..................................................................................2

STATEMENT OF THE CASE AND STATEMENT OF FACTS .........................3

      A. Nature of the Case ...................................................................................3

      B.  Course of Proceedings and Statement of Facts .......................................3

      C.  Standard of Review .................................................................................8

SUMMARY OF THE ARGUMENT ....................................................................9

LEGAL ARGUMENT ........................................................................................11

I.     Appellant Abandoned the Only Issue on Appeal—Whether
the District Court Erred in Granting the Motion to Dismiss .........................11

II.    Appellant Failed Request Leave to Amend, and Appellant
Failed to Show that the District Court Abused Its Discretion
By Not Sua Sponte Granting Leave to Amend...............................................18

CONCLUSION...................................................................................................23

CERTIFICATE OF TYPE SIZE AND STYLE ...................................................24

CERTIFICATE OF COMPLIANCE .........................................................................24

CERTIFICATE OF SERVICE ................................................................................25

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page**

Access Now, Inc. v. Southwest Airlines Co.,
385 F. 3d 1324 (11th Cir. 2004) ...............................................................16

Alabama v. U.S. Army Corps of Eng'rs.,
424 F. 3d 1117 (11th Cir. 1994) ...............................................................13

Baird v. 1600 Church Rd. Condo. Ass'n,
No. 17-4792, 2017 U.S. Dist. LEXIS 191533
(E.D. Pa. Nov. 17, 2017).............................................................................15

Blackburn v. Shire US Inc.,
18 F. 4th 1310 (11th Cir. 2021) .........................................................8, 21

Cita Tr. Co. AG v. Fifth Third Bank,
879 F. 3d 1151 (11th Cir. 2018) ...............................................................18

Cockrell v. Sparks,
510 F. 3d 1307 (11th Cir. 2007) ...............................................................19

Cohen v. Howard,
Civil Action No. 23-cv-02104-SBP, 2023 U.S. Dist. LEXIS 204750,
(D. Colo. Nov. 9, 2023) ...............................................................................15

Conroy v. Abraham Chevrolet-Tampa, Inc.,
375 F. 3d 1228 (11th Cir. 2004) .................................................................8

Daker v. Bryson,
841 F. App'x 115, (11th Cir. 2020)...........................................................20

Doe v. Samford Univ.,
29 F. 4th 675 (11th Cir. 2022) .....................................................................7

Feldman v. Am. Dawn, Inc.,
849 F. 3d 1333 (11th Cir. 2017) .................................................................8

v

Foman v. Davis,
371 U.S. 178 (1962).................................................................20

Gamble v. Fla. Dept. of Health and Rehabilitative Services,
779 F.2d 1509 (11th Cir.1986) ..............................................13

Goble v. Ward,
628 F. App'x 692 (11th Cir. 2015) .........................................11

Hamilton v. Southland Christian Sch., Inc.,
680 F. 3d 1316 (11th Cir. 2012) ............................................16

Hartsfield v. Lemacks,
50 F. 3d 950 (11th Cir. 1995) ................................................17

Holland v. Gee,
677 F.3d 1047, 1066 (11th Cir. 2012) ...................................10

Hunt v. Ga. Dep't of Cmty. Affairs,
No. 1:09-CV-3137-RWS, 2010 U.S. Dist. LEXIS 136444
(N.D. Ga. Dec. 23, 2010) .......................................................14

Johnson v. England,
350 F. App'x 314 (11th Cir. 2009) ...........................................8

Johnson v. Foster,
No. 23-10452, 2023 U.S. App. LEXIS 30091 (11th Cir. Nov. 13, 2023)..............10

Lee v. Alachua County, FL,
461 F. App'x 859 (11th Cir. 2012).........................................22

Loren v. Sasser,
309 F. 3d 1296 (11th Cir. 2002) .....................................18, 21

Marek v. Singletary,
62 F. 3d 1295 (11th Cir. 1995) ..............................................16

Maubach v. City of Fairfax,
No. 1:17-cv-921, 2018 U.S. Dist. LEXIS 73815
(E.D. Va. Apr. 30, 2018)........................................................15

Maynard v. Bd. of Regents of Div. of Univs. of Fla.
Dep't of Educ. ex rel. Univ. of S. Fla.,
342 F.3d 1281 (11th Cir. 2003) ...................................................14

McCardell v. United States HUD,
794 F.3d 510, 522 (5th Cir. 2015) ...........................................14

Palmer v. Champion Mortg.,
465 F.3d 24, 30 (1st Cir. 2006)...............................................22

Pan–Am Tobacco Corp. v. Dep't of Corr.,
471 So.2d 4 (Fla.1984)............................................................12

Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,
506 U.S. 139, 146 (1993)........................................................13

Quinlan v. Pers. Transp. Servs. Co.,
329 F. App'x 246 (11th Cir. 2009) ...........................................19

Rattner v. 1809 Brickell, LP,
No. 1:21-cv-23426-KMM, 2022 U.S. Dist. LEXIS 240669,
(S.D. Fla. Apr. 18, 2022) .........................................................14

Sapuppo v. Allstate Floridian Ins. Co.,
739 F.3d 678, 680-81 (11th Cir. 2014)...................................10

Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.,
208 F. 3d 1308 (11th Cir. 2000) ...............................................13

Silberman v. Miami Dade Transit,
927 F. 3d 1123 (11th Cir. 2019) ...............................................19

Snow v. DirecTV, Inc.,
450 F.3d 1314 (11th Cir. 2006) ................................................20

Sykes v. Cook Cty. Circuit Court Prob. Div.,
837 F.3d 736, 740 (7th Cir. 2016) ...........................................15

vii

Timson v. Sampson,
518 F.3d 870, 874 (11th Cir. 2008) .........................................................10

Toma v. 38th Dist. Court, No. 18-CV-11066, 2019 U.S. Dist. LEXIS 72148, at *4
(E.D. Mich. Apr. 29, 2019) 15

United States v. Padgett,
917 F. 3d 1312 (11th Cir. 2019) ...............................................................21

United States v. Willis,
649 F. 3d 1248 (11th Cir. 2011) ...............................................................16

Univ. of S. Fla. Bd. of Trustees v. CoMentis, Inc.,
861 F. 3d 1234 (11th Cir. 2017) .......................................................12, 13

Williams v. Citigroup Inc.,
659 F.3d 208, 213 (2d Cir. 2011) ..............................................................22

Woldeab v. DeKalb Cty. Bd. of Educ.,
885 F. 3d 1289 (11th Cir. 2018) ...............................................................19

**Statutes**

28 C.F.R. § 36.104 15

28 C.F.R. § 36.302 ...............................................................................1, 15

28 U.S.C. § 1291 .........................................................................................1

28 U.S.C. § 1331 .........................................................................................1

42 U.S.C. § 3604 .....................................................................................1, 3

Fla. Stat. § 1000.21(6)(j).  13

Fla. Stat. § 1001.71(3)...............................................................................13

**Rules**

Federal Rules of Civil Procedure, Rule 15(a)....................................21, 22

Federal Rules of Civil Procedure, Rule 59(e)..........................................................22

Federal Rules of Civil Procedure, Rule 60(b)..........................................................22

## STATEMENT OF JURISDICTION

The United States District Court for the Middle District of Florida had subject matter jurisdiction over certain claims in this case pursuant to 28 U.S.C. § 1331 because Appellant's operative complaint alleged in Counts 1, 2, 3, 4, and 6 violations of the Fair Housing Act, 42 U.S.C. § 3604 ("FHA") and the Americans with Disabilities Act, 28 C.F.R. § 36.302 ("ADA").

On April 11, 2024, the District Court granted Appellees' motion to dismiss Frishberg's Complaint. The District Court dismissed without prejudice Counts 1, 2, 4, 6, 7, 8, 9, 10, 11 (in part), 13, 14, 15, 16, and 17, for lack of jurisdiction on the basis of Eleventh Amendment immunity. (Order (R27:6)). The District Court dismissed with prejudice Count 3 for failure to state a claim. (Order (R27:7)). The District Court dismissed Count 5, 11 (in part), and 12 as independent causes of action. (Order (R27:8–9)). On April 15, 2024, Frishberg filed a Notice of Appeal seeking review of the District Court's Order granting Appellees' Motion to Dismiss. (Notice of Appeal (R29)). Thus, this Court only has jurisdiction over the issue of whether the District Court erred in granting Appellees' Motion to Dismiss. See 28 U.S.C. § 1291.

1

## STATEMENT OF ISSUES

I.    Whether Appellant abandoned the only issue on appeal—whether the District Court erred in granting the motion to dismiss.

II.   Whether the District Court abused its discretion by not *sua sponte* granting Appellant leave to amend to add a new claim.

## STATEMENT OF THE CASE AND STATEMENT OF FACTS

### I.    Nature of the Case

This is an appeal of the District Court's Order dismissing Frishberg's Complaint entered on April 11, 2024.  In this order, the District Court dismissed without prejudice, without leave to amend, Counts 1, 2, 4, 6, 7, 8, 9, 10, 11 (in part), 13, 14, 15, 16, and 17, for lack of jurisdiction on the basis of Eleventh Amendment immunity.  (Order (R27:6)).  The District Court dismissed with prejudice Count 3 for failure to state a claim. (Order (R27:7)).  The District Court dismissed Count 5, 11 (in part), and 12 as independent causes of action. (Order (R27:8–9)).

### II.    Course of Proceedings and Statement of Facts

On January 3, 2024, Frishberg, proceeding pro se and seeking permission to proceed in forma pauperis, filed a complaint against Appellees, alleging sixteen counts, including several claims for relief under the federal Fair Housing Act ("FHA"), the Florida Fair Housing Act ("FFHA"), the Americans with Disabilities Act ("ADA"), and breach of contract and quasi-contract claims.  (Complaint (R1)). According to the Complaint, Frishberg was a student at USF.  (R1:4–5). Frishberg alleged that he owned a cat, which he used as an emotional support animal.  (R1:3–5).  USF allowed Frishberg to have the cat in his dorm building pursuant to an Emotional Support Animal Agreement.  (R1:3–5, 35). USF's policies, however, precluded Frishberg from taking the cat out of his room unrestrained.  (R1:30, 40–41).  After Frishberg allowed the cat outside of his room and into common areas of

the dorm unrestrained, USF imposed a requirement that Frishberg pay a fee and take educational courses on civility as a sanction for his violation of the rules. (R1:5–6, 37–38, 41). When Frishberg failed to comply and failed to comply with a directive to remove the animal, in November of 2023, USF terminated Frishberg's lease for the room, changed the lock system so that Frishberg no longer had access to the room, and removed his personal belongings. (R1:4, 6, 35).

On January 8, 2024, Frishberg filed an Emergency Motion for Injunction, or in the Alternative, a Temporary Injunction/Restraining Order, seeking injunctive relief pursuant to the FHA. (Injunction Motion (R4:7–12)). Frishberg requested, among other things, that the District Court enjoin USF from enforcing holds on Frishberg's academic records, which would preclude him from registering for classes or transferring to other educational institutions. (Injunction Motion (R4:16)).

On January 9, 2024, the District Court, without notice to Appellees, entered an Order granting in part and denying in part Frishberg's Injunction Motion. (Order (R9)). Specifically, the District Court temporarily enjoined Appellees "from issuing or enforcing holds on Frishberg's academic records or preventing him from enrolling in or dropping classes, including remote or online classes, or from transferring out of USF to another educational institution." (Id. (R9:6)). The District Court stated that this temporary restraining order without notice would remain in effect for fourteen days unless otherwise modified or dissolved prior to that time, and

scheduled a preliminary injunction hearing for January 16, 2024. (Id. (R9:7)).  The District Court directed Frishberg to serve on Appellees (1) a copy of the complaint and its exhibits; (2) a copy of the Injunction Motion and its exhibits; and (3) a copy of the Order.  (Id. (R9:7)). Finally, the District Court directed Appellees to file a response to Frishberg's Injunction Motion on or before noon on January 15, 2024. (Id. (R9:7)).

On January 15, 2024, Appellees filed a Response to Frishberg's Injunction Motion, arguing that (1) Frishberg's claims under the FHA are barred by sovereign immunity and the Eleventh Amendment to the United States Constitution; (2) the relief sought related to his registration is moot and was moot at the time of the District Court's order; (3) Frishberg cannot establish subject-matter jurisdiction under Article III because he made no showing of imminent, future injury; and (4) Frishberg cannot meet the burden to establish the elements of an injunction. (Response (R16)).

The District Court held the preliminary injunction hearing on January 16, 2024 (R18), and, the next day, submitted an order granting Appellees' motion to dissolve the temporary restraining order. (R20).  Further, the District Court explained, to the extent that Frishberg sought a preliminary injunction, the ruling was deferred pending resolution of the Eleventh Amendment sovereign immunity and related issues raised by Appellees in their response to Frishberg's Injunction

Motion.  The District Court determined that it would treat Appellees' response (R16) as a motion to dismiss based on: (1) Eleventh Amendment sovereign immunity as to the Fair Housing Act and state law claims (R16:14–15 & nn. 11–12), and (2) failure to state a claim under the Americans with Disabilities Act (R16:22 n.13).  The District Court allowed Frishberg an opportunity to respond to Appellees' Motion to Dismiss on or before January 31, 2024. (R20).

After being granted an extension of time, Frishberg responded to the Motion to Dismiss on February 6, 2024. (R24; R25).  Regarding Eleventh Amendment sovereign immunity, Frishberg argued that USF's receipt of federal funds constituted a waiver of sovereign immunity.  Frishberg also argued that Ex parte Young established an exception to a state's Eleventh Amendment immunity.  Regarding the state law claims, Frishberg conceded that sovereign immunity required that those claims must be brought in state court. (R24:15).  Regarding Appellees' argument that emotional support animals are not covered under the ADA, Frishberg conceded that there is no protection or claim under Title II of the ADA related to the denial of an emotional support animal. (R24:20).  Frishberg did not seek leave to amend the Complaint to assert any new claims. (R24).[1]

---

[1] Likewise, in the intervening two months before the district court's decision, Frishberg never sought leave to amend. (Docket Sheet).

On April 11, 2024, the District Court granted Appellees' motion to dismiss. (Order (R27)). Specifically, the District Court found that Eleventh Amendment immunity barred Frishberg's claims under the FHA and FFHA. (Order (R27:4)). The District Court recognized that Florida has not consented to suit brought in federal court under the FHA or FFHA, and neither law contains an explicit waiver of sovereign immunity. (Order (R27:4–5)). Further, the District Court concluded that the Ex parte Young exception did not apply because Frishberg asserted no § 1983 claims against state officers related to prospective equitable relief and continuing violations of federal law. (Order (R27:5–6)). Frishberg's breach of contract, quasi-contract, and other state law claims were similarly barred by sovereign immunity. (Order (R27:7–9)).[2] Finally, the District Court dismissed with prejudice Frishberg's ADA claim because the ADA does not cover emotional support animals. (Order (R27:6–7)).

On April 15, 2024, Frishberg filed his notice of appeal seeking review of the District Court's Order Granting Appellees' Motion to Dismiss. (Notice of Appeal (R29)).

---

[2] The District Court noted that if Plaintiff wished to pursue the claims barred by sovereign immunity, he could do so in state court. (Order (R27:9)).

## III.    Standard of Review

On the issue of the District Court's dismissal of Frishberg's claims, the Eleventh Circuit "'review[s] *de novo* the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.'" Doe v. Samford Univ., 29 F. 4th 675, 685 (11th Cir. 2022) (quoting Feldman v. Am. Dawn, Inc., 849 F. 3d 1333, 1339 (11th Cir. 2017)).

On the issue of denying Frishberg leave to amend the complaint, the District Court's decision to deny leave to amend is reviewed for abuse of discretion. See Blackburn v. Shire US Inc., 18 F. 4th 1310, 1316 (11th Cir. 2021). This Court has articulated that, "[u]nder the abuse of discretion standard, we will affirm 'unless the district court has made a clear error of judgment or has applied an incorrect legal standard.'" Johnson v. England, 350 F. App'x 314, 315-16 (11th Cir. 2009) (quoting Conroy v. Abraham Chevrolet-Tampa, Inc., 375 F. 3d 1228, 1323 (11th Cir. 2004)).

## SUMMARY OF THE ARGUMENT

The Court should affirm the District Court's order granting Appellees' Motion to Dismiss. First, Frishberg has abandoned the only issue on appeal—whether the District Court erred in dismissing Frishberg's Complaint.  In his Initial Brief, Frishberg fails to advance any argument that the District Court erred in granting the Appellees' Motion to Dismiss.  Frishberg failed to advance any argument that the District Court erred in dismissing his FHA, FFHA, ADA, tort, and contract claims. Indeed, Frishberg's Initial Brief does not even challenge the District Court's rulings in the Order Granting Appellees' Motion to Dismiss regarding dismissal of his claims. Thus, Frishberg has abandoned the only issue of appeal.

Instead of properly challenging the District Court's Order, Frishberg attempts to raise an argument on appeal that was not at issue in the Order.  Frishberg argues that the District Court erred when it did not construe his complaint to raise an entirely new claim under the Rehabilitation Act and did not *sua sponte* grant him leave to amend to state this new claim, a claim that was not included in his Complaint.  It is undisputed that Frishberg never filed a motion for leave to the amend the complaint to assert this new claim nor did he amend his complaint, as of right, to assert it. The only claim the District Court dismissed with prejudice was the ADA claim, as amendment would be futile, a fact which Appellant does not dispute.  The District Court was not required to *sua sponte* grant leave to amend in these circumstances.

9

Even if the Court were to consider the Order granting Appellees' motion to dismiss without leave to amend as a denial of a request to amend, Frishberg has not and cannot show that the District Court's decision was an abuse of discretion.

For these reasons, Appellees respectfully requests that this Court affirm the District Court's Order granting Appellees' Motion to Dismiss.

## LEGAL ARGUMENT

I.    **Appellant Abandoned the Only Issue on Appeal—Whether the District Court Erred in Granting the Motion to Dismiss.**

To avoid abandonment, a party must plainly identify the issues or claims that they seek to raise on appeal. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680-81 (11th Cir. 2014).  A party abandons a claim on appeal when he fails to "plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims." Id. at 681; Holland v. Gee, 677 F.3d 1047, 1066 (11th Cir. 2012) ("The law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").  While this Court construes a pro se litigant's briefs liberally, an issue not briefed on appeal by a pro se litigant is deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned. Moreover, we do not address arguments raised for the first time in a pro se litigant's reply brief." (citations omitted)); see also Johnson v. Foster, No. 23-10452, 2023 U.S. App. LEXIS 30091, at *6 (11th Cir. Nov. 13, 2023).  Only the arguments raised in the initial brief are considered. Goble v. Ward, 628 F. App'x 692, 697 (11th Cir. 2015).

In Frishberg's Notice of Appeal, the only order challenged is the District Court's ruling dismissing his claims.  However, in his Initial Brief, Frishberg fails

to advance any argument that the District Court erred in granting the Appellees' Motion to Dismiss. Instead, Frishberg's arguments are entirely focused on the dismissal of his action without leave to amend. (See Initial Brief at 4 ("This appeal stems from the District Court's dismissal (without leave to amend) of the Plaintiff Appellants complaint against USF *et. al.*"); see also id. at 6 ("The District Court also abused its discretion by denying leave to amend when an amendment would have corrected deficiencies within the Plaintiff Appellants' Complaint.")). Yet, Frishberg does not assert that he should have been granted leave to correct deficiencies in the claims pled, but to bring an entirely new cause of action. Frishberg does not provide any argument or basis for concluding that the District Court erred in not granting leave to amend with respect to the claims identified in the Complaint.

Frishberg's arguments do not challenge the District Court's dismissal of the claims. Frishberg has failed to advance any argument that the District Court erred in dismissing his FHA, FFHA, ADA, tort, and contract claims. Indeed, Frishberg's Initial Brief does not even challenge the District Court's rulings in the Order Granting Appellees' Motion to Dismiss regarding dismissal of his claims. (See id. at 4 n. 4 (For the avoidance of doubt, the Plaintiff Appellant is not appealing the dismissal of Count 3 [of his complaint], which was brought under the Americans with Disabilities Act."); id. at 5 ("The Plaintiff Appellant admits that he (due to his lack of legal training) likely had a 'confusion of legal theories' when he brought

claims under the Fair Housing Act . . . ."); id. at 7 (stating that "amendment may be futile to correct the claim brought under the ADA"); see also Appellant's Motion to Proceed *In Forma Pauperis* at 10-11 ("Plaintiff Appellant is not appealing the dismissal of Claim 3[], which was brought under the ADA . . . .")).  While Frishberg asserts that the District Court erred in its "interpretation of the facts" (Initial Brief at 16–21), he provides no argument of substance as to how the District Court erred or how any error in interpreting the facts effected the District Court's dismissal of his claims.

Furthermore, the District Court's Order granting the Motion to Dismiss is correct.  First, the District Court correctly determined that Appellees were entitled to Eleventh Amendment sovereign immunity.  The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state.  Pan–Am Tobacco Corp. v. Dep't of Corr., 471 So.2d 4, 5 (Fla.1984).  The Eleventh Amendment extends to state agencies and other arms of the state.  Univ. of S. Fla. Bd. of Trustees v. CoMentis, Inc., 861 F.3d 1234, 1235 (11th Cir. 2017).  State agencies are immune from suit under the Eleventh Amendment unless their immunity is either waived by the state or abrogated by Congress. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir.1986). The States or their agencies "retain their immunity against *all* suits in federal court."   Puerto Rico Aqueduct & Sewer Auth. v. Metcalf

& Eddy, Inc., 506 U.S. 139, 146 (1993).  Actions for injunctive relief against a state or its instrumentality are also barred by the Eleventh Amendment.  Alabama v. Pugh, 438 U.S. 781 (1978).

Florida defines USF to be a part of the state government.  See Fla. Stat. § 1000.21(6)(j).  Specifically, the state of Florida has declared that the "boards of trustees [of state universities] are a part of the executive branch of state government."  Id. § 1001.71(3).  The state therefore clearly defines the USF Board to be a part of its government.  See CoMentis, Inc., 861 F.3d at 1235.  As it is part of the state, USF is entitled to Eleventh Amendment immunity.  Defendant HSRE also is entitled to Eleventh Amendment immunity as its sole role with respect to this matter is that it is the owner of the building.  Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp., 208 F.3d 1308, 1311 (11th Cir. 2000) ("It is well established that Eleventh Amendment immunity encompasses not only cases in which the State itself is named as a defendant, but also certain actions against state agents and state instrumentalities.").

Congress has not abrogated Eleventh Amendment immunity for claims brought under the FHA. See McCardell v. United States HUD, 794 F.3d 510, 522 (5th Cir. 2015) ("We hold that Congress did not make clear an intent to abrogate States' Eleventh Amendment sovereign immunity from suits brought under the Fair Housing Act . . . ."); Rattner v. 1809 Brickell, LP, No. 1:21-cv-23426-KMM, 2022

14

U.S. Dist. LEXIS 240669, at *21 (S.D. Fla. Apr. 18, 2022) ("Nor does the Fair Housing Act, 42 U.S.C. §§ 3601-3631, contain a waiver of sovereign immunity."); Hunt v. Ga. Dep't of Cmty. Affairs, No. 1:09-CV-3137-RWS, 2010 U.S. Dist. LEXIS 136444, at *5-8 (N.D. Ga. Dec. 23, 2010). Frishberg's state law "contract" and tort claims against Appellees are also barred by sovereign immunity. See Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287–88 (11th Cir. 2003). Because Florida has not waived its Eleventh Amendment immunity for Frishberg's FHA, FFHA, contract, quasi-contract, and tort claims, the District Court correctly dismissed the claims for lack of jurisdiction. The District Court, however, dismissed the claims without prejudice and without leave to amend, to allow Frishberg to bring the claims in state court. (Order (R27:9)). Frishberg has not provided any argument that the District Court erred in dismissing the claims barred by sovereign immunity without leave to amend.

The District Court also correctly dismissed Frishberg's ADA claim. To the extent that Frishberg's Complaint could be interpreted to include a claim under Title II of the ADA, it fails to state a claim as a matter of law. The regulations interpreting Title II of the ADA specifically provide protections for the use of service animals and "exclude emotional support animals from coverage under the ADA." Maubach v. City of Fairfax, No. 1:17-cv-921, 2018 U.S. Dist. LEXIS 73815, at *17 n.6 (E.D. Va. Apr. 30, 2018); see also 28 C.F.R. § 36.104. The regulations expressly exclude

emotional support animals. Id. Further, in discussing the modification in policies, practices, or procedures that must be made by public entities under Title II of the ADA, the regulation excludes emotional support animals. 28 C.F.R. § 36.302. Thus, there is no protection or claim under Title II of the ADA related to the denial of an emotional support animal. See Sykes v. Cook Cty. Circuit Court Prob. Div., 837 F.3d 736, 740 (7th Cir. 2016) ("'Emotional support animals' are not considered service animals which fall under Title II's mandate."); Toma v. 38th Dist. Court, No. 18-CV-11066, 2019 U.S. Dist. LEXIS 72148, at *4 (E.D. Mich. Apr. 29, 2019) (holding that "plaintiff's claim that defendant failed to reasonably accommodate his disability by prohibiting him from bringing his emotional support dog into court shall be dismissed"); Cohen v. Howard, Civil Action No. 23-cv-02104-SBP, 2023 U.S. Dist. LEXIS 204750, at *4-5 (D. Colo. Nov. 9, 2023); Baird v. 1600 Church Rd. Condo. Ass'n, No. 17-4792, 2017 U.S. Dist. LEXIS 191533, at *7 (E.D. Pa. Nov. 17, 2017) (finding that "the ADA does not provide protection for emotional therapy dogs as accommodations for disabilities").

Here, the District Court correctly concluded that it was undisputed that Frishberg's cat is not a service animal. (Order (R27:7); Complaint (R1:3–5)). Consequently, any ADA claim fails as a matter of law and amendment would be futile. Frishberg has not provided any argument that the District Court erred in dismissing the ADA with prejudice.

Finally, the District Court correctly dismissed Frishberg's claims for "intimidation" and "to enforce the law" because they are not independent causes of action. (Order (R27:8–9)).  Frishberg has not provided any argument that the District Court erred in dismissing these claims without leave to amend.

Frishberg has abandoned the only issue on appeal – whether the District Court erred in granting the Motion to Dismiss. See Hamilton v. Southland Christian Sch., Inc., 680 F. 3d 1316, 1318 (11th Cir. 2012) (stating that it is well settled in this circuit that a party abandons an issue "by failing to list or otherwise state it as an issue on appeal"); United States v. Willis, 649 F. 3d 1248, 1254 (11th Cir. 2011) ("A party seeking to raise a claim or issue on appeal must plainly and prominently so indicate … Where a party fails to abide by this simple requirement, he has waived his right to have the court consider that argument."  (internal marks and citation omitted); Access Now, Inc. v. Southwest Airlines Co., 385 F. 3d 1324, 1330 (11th Cir. 2004) ("Any issue that an appellant wants [us] to address should be specifically and clearly identified in the brief … Otherwise, the issue – even if properly preserved at trial – will be considered abandoned."); Marek v. Singletary, 62 F. 3d 1295, 1298 n. 2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned."); Hartsfield v. Lemacks, 50 F. 3d 950, 953 (11th Cir. 1995) ("We note that issues that clearly are not designated in the initial brief ordinarily are considered abandoned.") (internal marks, quotation marks, and citations omitted).  Therefore, this Court must

affirm the District Court's Order granting Defendant's Motion to Dismiss, as Frishberg has abandoned any challenge of this order.

## II. Appellant Failed Request Leave to Amend, and Appellant Failed to Show that the District Court Abused Its Discretion By Not Sua Sponte Granting Leave to Amend.

Instead of properly challenging the District Court's Order, Frishberg attempts to raise an argument on appeal that was not at issue in the Order. Frishberg, now on appeal, appears to argue that the District Court erred when it did not construe his complaint to raise a new claim and did not *sua sponte* grant him leave to amend to state an entirely new claim under the Rehabilitation Act, which was not included in his Complaint. (Initial Brief at 4).

It is undisputed that Frishberg never filed a motion for leave to the amend the complaint to assert a new claim. Notably, Appellant did not even request leave to amend in the response, but merely suggested in a footnote that the District Court "may interpret [his improperly pled claims] as a request to amend the complaint under FRCP Rule 15." (Response (R24:16 n.48)). Appellant's suggestion of an amendment, which does not directly request permission to amend nor provide a proposed pleading, was embedded within an opposition memorandum. (Response at 16 n.48). The request was not raised in a motion, as required by the Federal Rules of Civil Procedure, and possessed no legal effect. See Cita Tr. Co. AG v. Fifth Third Bank, 879 F.3d 1151, 1157 (11th Cir. 2018) ("To properly request leave to amend,

18

a plaintiff must satisfy two requirements: (1) file a motion for leave to amend and (2) either set forth the substance of the proposed amendment or attach a copy of the proposed amendment.").    Frishberg's pro se status does not excuse his non-compliance with Federal Rules of Civil Procedures, including Rules 7 and 15. Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules.").

The District Court repeatedly warned Frishberg before and after the motion to dismiss was filed of his obligation to follow the procedural rules, including the rules set forth in the Federal Rules of Civil Procedure.  Specifically, at the outset of the action, the District Court warned Frishberg that "even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida."  (Order (R5:2 n.2)).  It also expressly instructed Frishberg to review the Middle District of Florida's guide to assist pro se litigants proceeding in federal court, which is located on the Court's website. (Id.). The District Court again reminded Frishberg of his obligation to comply with the rules prior to the filing of the motion to dismiss and Frishberg's response.  (Order (R9:5) ("Plaintiff should not assume that violations of court rules or other legal requirements will be overlooked. Even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules

19

of the Middle District of Florida.")).  After the filing of the motion to dismiss, the District Court twice reminded Frishberg of his obligation to comply with the applicable rules. (Order (R20); Order (R23)).

Importantly, the District Court was not required to *sua sponte* grant leave to amend in these circumstances.  See Quinlan v. Pers. Transp. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint without prejudice.").  The only claim dismissed with prejudice is the ADA claim as amendment would be futile, a fact which Appellant does not dispute.[3]  Because Appellant's claims were either dismissed without prejudice or unredeemable by amendment, the District Court was within its discretion when it dismissed his claims without leave to amend.  There was no claim stated under the Rehabilitation Act. "The purpose of amendment is to cure a complaint where the underlying facts and circumstances are meritorious, not to bring entirely new claims."  Daker v. Bryson, 841 F. App'x 115, 124 (11th Cir. 2020) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

---

[3] A District Court may deny leave to amend the complaint "where further amendment would be 'futile,'" see Silberman v. Miami Dade Transit, 927 F. 3d 1123, 1133 (11th Cir. 2019) (quoting Woldeab, 885 F. 3d at 1291)), i.e., that the complaint would still be subject to dismissal as amended, id. (quoting Cockrell v. Sparks, 510 F. 3d 1307, 1310 (11th Cir. 2007)).

Therefore, the District Court could not have erred, let alone abused its discretion, because the only issue Appellant seeks to raise – that the Court improperly denied him leave to add a claim – is contrary to well-settled precedent. Appellant did not seek leave to amend, and thus, the sole issue alleged on appeal also was not presented to the district court. Appellant did not follow the procedural rules and seek leave to amend the Complaint. The suggestion imbedded in the Appellant's response was that the Court "may interpret" his improperly pled claim as a claim under the Rehabilitation Act. (Response (R24:16 n.48)). That is not a request for leave to amend, it does not follow the procedural rules for seeking an amendment as recognized by this Court, and it does not present the claim that Appellant seeks to add. Instead, it simply invites the district court to re-write his complaint, which the district court properly refused to do. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) ("[Our] duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff].").

Even if this Court were to consider the Order granting Appellees' Motion to Dismiss without leave to amend as a denial of a request to amend, Frishberg still fails to show that the District Court abused its discretion in denying leave to amend. As clearly reflected by the record in this case, Appellant never filed a motion to amend his Complaint, either before or after entry of the Court's dismissal Order.

Nor did he file a motion to reconsider the Court's dismissal Order.  See Blackburn, 18 F. 4th at 1316 (finding that the district court did not abuse its discretion by denying a motion to amend because the plaintiff had "ample opportunity" to amend but "sat idly by" as he awaited determination on the defendant's motion to dismiss). A pro se plaintiff must conform to procedural rules, and the Court does not have "license to act as *de facto* counsel" on behalf of a pro se plaintiff.  United States v. Padgett, 917 F. 3d 1312, 1317 (11th Cir. 2019); see also Loren v. Sasser, 309 F. 3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules."). Frishberg could have amended his complaint as of right within 21 days of service of Appellees' Motion to Dismiss, but he elected not to do so. Further, like the plaintiff in Blackburn, Frishberg had "ample opportunity" to move to amend his complaint at any point before the District Court's Order dismissing Frishberg's claims, but instead "sat idly by as he awaited determination" on Appellees' Motion to Dismiss. 18 F. 4th at 1318.

While it is true that Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend his pleading once as a matter of course, "Rule 15 has no application . . . once the district court has dismissed the complaint and entered final judgment for the defendant."  Lee v. Alachua County, FL, 461 F. App'x 859, 860 (11th Cir. 2012) (quoting Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344-45 (11th Cir.

2010)).  A plaintiff may seek leave to amend post-judgment only if he is first granted relief under Federal Civil Procedure Rule 59(e) or Rule 60(b)(6).  Id.  (internal alterations omitted); see also Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (post-judgment requests for leave to amend a pleading, "whatever their merit, cannot be allowed unless and until the judgment is vacated under, say, Fed.R.Civ.P. 60").  "[T]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation."    Williams v. Citigroup Inc., 659 F.3d 208, 213 (2d Cir. 2011).

Appellant must demonstrate that the District Court committed a clear error in judgment or applied an incorrect legal standard, which he has failed to do.  It was not a clear error in judgment for the District Court to deny leave to amend the complaint, as granting permission to amend is contrary to well-settled precedent. Frishberg has failed to meet his high burden.

## CONCLUSION

For all the foregoing reasons, Appellees respectfully request that this Court affirm the decision of the District Court dismissing Appellant's Complaint.

Respectfully submitted,

*s/ Sacha Dyson*
Sacha Dyson
Florida Bar No. 509191

Kevin M. Sullivan
Florida Bar No. 1003812
Bush Graziano Rice & Hearing, P.A.
100 S. Ashley Drive, Suite 1400
Tampa, Florida 33602
(813) 228-7000 (telephone)
(813) 273-0091 (facsimile)
sdyson@bgrhlaw.com;
ksullivan@bgrhlaw.com

Attorneys for Appellees

## CERTIFICATE OF TYPE SIZE AND STYLE

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in fourteen-point font of Times New Roman.

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Fed. R. Civ. P. 32(a)(7)(B). This brief contains 6,796 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

24

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this <u>18th</u> day of December, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to:

Daniel Frishberg
284 Monroe Drive
Mountain View, CA 94040
Pro Se Plaintiff/Appellee

*s/ Sacha Dyson*
Attorney