No. 24-11175-H

_____

IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

_____

Daniel Frishberg, *Plaintiff-Appellant*,

v.

University Of South Florida Board Of Trustees, HRSE-Capstone Tampa, LLC, *et. al*, *Defendant-Appellee(s)*

Appeal from the United States District Court for the Middle District of Florida

No. 8:24-cv-00022-TPB-NHA[1]

_____

**APPELLANT'S MOTION FOR RULE 11 SANCTIONS**

_____

Daniel Frishberg, *Pro Se*

danielfrishberg@usf.edu[2]

754-237-8472

---

[1] https://ecf.flmd.uscourts.gov/cgi-bin/DktRpt.pl?422507
[2] The Plaintiff-Appellant does not have an "Office Address", so he has provided an email instead.

# TABLE OF CONTENTS

I. Introduction

II. Argument

    1. Clear Timeline Misrepresentations

    2. Contradictions To The Appellees' Own Statements

IV. Conclusion

**Certificate Of Interested Persons And Corporate Disclosure Statement**

**Certificate Of Compliance With Rule 27(d)(2)(A)**

**Certificate Of Service**

*[Rest of the page is intentionally left blank.]*

## Introduction

The Appellees have made countless misrepresentations throughout this case (as mentioned in the Appellants Opening Brief) the most egregious of which have prompted this Motion. An attorney's job is to be "advancing claims and defenses with the zeal of a trained advocate" on behalf of their clients, but they must also be "properly tempering enthusiasm for a client's cause with **careful regard for the obligations of truth, candor, accuracy**, and professional judgment that are expected of them as officers of the court" (emphasis added). See *Oliveri v. Thompson*, 803 F. 2d 1265 - Court of Appeals, 2nd Circuit 1986. The Appellees have repeatedly crossed the line, and their actions show a wanton disregard for the truth at a minimum, and at worst, a malicious intent to deceive the Court.

The Plaintiff Appellant has previously addressed the Appellees' ongoing pattern of misrepresentations, which at times have crossed the line into flat out lies. In their Reply Brief to the Plaintiff Appellants Opening Brief, the Appellees doubled down on their lies, including making statements that were both knowably false to the Appellees, and directly contradicted previous assertions made by the Appellees.

Most notable, is that despite having this Motion in their possession for over 21 days, the Appellees have neither replied to the Appellants requests to correct their misrepresentations and lies, nor have they even denied that the lies and misrepresentation occurred. The Appellees' misrepresentations and lies have put them into a position which they know is indefensible.

The Appellees purport that the reason the Appellant had his lease terminated was because he "failed to comply" with the "requirement that Frishberg pay a fee and take educational courses on civility as a sanction for his violation of the rules". This is a blatant lie. In fact, the "sanctions" were issued on **November 21st, 2023**, after the hearing held by the USF's Student Conduct and Ethical Development board (on the same day). The agreement was purportedly **terminated** on **November 17th, 2023**. *See* screenshot of Exhibit 20 of the Johnson Declaration below:

**From:** Andrew Johnson <ajohnson15@usf.edu>
**Sent:** Friday, November 17, 2023 4:31 PM
**To:** Daniel Frishberg <danielfrishberg@usf.edu>
**Cc:** Ana Hernandez <ahernandez@usf.edu>; David Kloiber <dkloiber@usf.edu>; Amy Chilcutt <achilcutt@usf.edu>; Megan Bucalos <meganbucalos@usf.edu>; Xiomara Talavera Mercedes <xiomara5@usf.edu>; Jimmy Surin <jsurin@usf.edu>; Jan Serpan <serpan@usf.edu>; Sherrelle Findley <sfindley@usf.edu>; Willie Garcia <garciaw4@usf.edu>; Molli Keller <keller14@usf.edu>; Shanale Cordero <shanalec@usf.edu>
**Subject:** IMPORTANT - NOTICE OF ADMINISTRATIVE CANCELLATION

Dear Mr. Frishberg,

Following my correspondence dated November 14, 2023, Residential Education staff members contacted you on or around 2:00 PM to confirm that you complied with USF's directive to remove your animal from the residence hall. I was informed by the USF Housing and Residential Education staff that you stated that the animal was still present in your residential room. Given that you have not complied with USF Housing and Residential Education department's directives, USF is administratively cancelling your 2023-24 Student Housing Agreement effective Monday, November 27, 2023 at 12:00 PM under section IV.1.d as stated in the excerpt below.

*IV. CANCELLATION: Notwithstanding anything contained herein, and even when Student's Cancellation is permitted under the terms of the Agreement, the Agreement may not be canceled without the prior written approval of the Department. The Department may, within its sole discretion, deny any Cancellation requests. Where Cancellation of the Agreement is subject to the Cancellation fees set forth in the Agreement, any fees will be added to the Student's financial account and will be due and owing immediately. Non-payment of the fees may result in a Student registration hold or restriction on graduation and ability to obtain a transcript. Late payments may also include collection fees. Students should refer to Section III of this Agreement for more information regarding the Payment Schedule.*

1. *Cancellation by Department: The Department may, in accordance with applicable rules of the University, initiate reassignment or cancel the Agreement if deemed necessary by the Department in the best interest of order, health, conduct, safety, security, disaster, failure to comply with any and all University regulations, policies, or directives.*

**3 of 5**

*d. Cancellation Due to Administrative Dismissal: Students who are removed from the Residence Halls and/or dismissed from the University for administrative reasons will be responsible for a daily-prorated Hall Rate.*

> Please schedule your check-out with RLC Cordero and return your keys to the HUB Service Desk by 12:00 PM on Monday, November 27, 2023. Failure to complete these steps by the deadline may result in additional fees or referrals to the Office of Student Conduct and Ethical Development. ID card access to any residential space will also end at that time. Your rent charges will cease on Monday, November 27, 2023 and a credit will be issued for the balance of the fall term. The credit will be issued to your OASIS account.
>
> You are expected to comply with the rules, policies, regulations of the University of South Florida and all applicable laws until your check-out from housing. Failure to comply with the previous statement will result in your immediately removal from housing and a referral to the Office of Student Conduct and Ethical Development.
>
> Sincerely,
>
> Dr. Johnson
>
> Sincerely,
>
> **Andy Johnson, Ed.D.**
> **CRA-USF/Advanced**
> Director for Operations & Outreach

The Appellant has given the Appellees ample opportunity to correct their lies, and they have not done so. The Appellant sent the Appellees a Safe Harbor Letter on December 30th, 2024. As of the time of this filing, the Appellees have not responded to the letter, and have not made any indication that they intend to correct their misrepresentations. At the time that the Court sees this filing, it would mean that the Appellees have had this motion for 21 days, and failed to correct their misrepresentations and outright lies.

The Appellant is unsure which sanctions would be most appropriate, so he shall leave it to the Court to decide which sanctions, if any, to issue.

## **Argument**

The Appellees have told the Court a compelling story, except that, quite simply put, their story is fiction, and does not line up with their previous statements made to the Court, including in a sworn declaration. A simple reading of the claims made by the Appellees combined with the evidence would show that. This is not the first time that the Appellees have attempted to misrepresent the facts to the Court, and they must be held accountable.

1. **Clear Timeline Misrepresentations**

The most egregious lie that the Appellees presented to this Court was that the Appellees somehow "administratively cancelled" the Appellants' Housing Agreement for an event that occurred **four days _after_ the cancellation took place**. The timeline of events is no mystery to the Appellees, as the Johnson Declaration (filed by the Appellees) clearly states that the "administrative cancellation" took place before the sanctions were ever issued. The Appellees purport that "After Frishberg allowed the cat outside of his room and into common areas of the dorm unrestrained, USF imposed a requirement that Frishberg pay a fee and take

educational courses on civility as a sanction for his violation of the rules. (R1:5–6, 37–38, 41). When Frishberg failed to comply and failed to comply with a directive to remove the animal, in November of 2023, USF terminated Frishberg's lease for the room, changed the lock system so that Frishberg no longer had access to the room, and removed his personal belongings. (R1:4, 6, 35)." This is a blatant lie which is directly contradicted by *not only* the evidence, but by the Appellees' previous own statements.

The Appellees are also barred by the doctrine of judicial estoppel from arguing this, as according to the Johnson Declaration "On November 21, 2023, USF Student Conduct and Ethical Development held Frishberg's Formal Hearing. Based on the information provided at that hearing, the University Conduct Board determined that Frishberg was responsible for violations of USF Student Code Of Conduct. As a sanction, the University Conduct Board Required that Frishberg Complete a Civility and Community Standards Workshop". On Page 3 of 5 of Exhibit 20 of the Johnson Declaration, it shows that on **November 17th, 2023**, Johnson unambiguously wrote that "USF is administratively cancelling your 2023-2024 Housing Agreement".

The Court should sanction the Appelles for their repeated lies. The Appellees have gone against the facts laid out within their own sworn declaration, as well as the facts of the case; in other words, their arguments in the Reply Brief resemble more of a creative writing exercise than a court filing. It is "patently clear" that the Appellees' line of argument "has absolutely no chance of success.", as it would require the ability to either see the future, or time travel for the claim to be correct, neither of which are possible. *See Oliveri v. Thompson*, 803 F. 2d 1265 - Court of Appeals, 2nd Circuit 1986

## 2. Contradictions To The Appellees' Own Statements

Contrary to the claims made in the Appellees' Reply Brief, the Appellees' representatives have made it abundantly clear that completing the sanctions would have **<u>no impact</u>** on the Appellants ability to return to live on campus. In an email dated June 21st, 2024, USF's General Counsel, Joanne Adamchak stated unambiguously that: "As you have been advised, the USF **decision rendered in the student conduct process by SCED is <u>separate</u>** from the housing and HRE determination. The completion of the SCED sanction will ensure you may register for courses.  However, the HRE status regarding your failure to abide by the terms of the lease which resulted in a **termination of the lease and future restriction regarding on campus housing <u>remains unchanged</u>**." (emphasis added).




> Joanne Adamchak
> To: ⊗ Daniel Frishberg
> Fri 6/21/2024 10:03 AM
>
> As you have been advised, the USF decision rendered in the student conduct process by SCED is separate from the housing and HRE determination. The completion of the SCED sanction will ensure you may register for courses. However, the HRE status regarding your failure to abide by the terms of the lease which resulted in a termination of the lease and future restriction regarding on campus housing remains unchanged.
>
> To avoid duplication and confusion, any future inquiries in this regard to any office will be maintained without direct response.
>
> Joanne M. Adamchak (Jodi)
> Deputy General Counsel
> University of South Florida
> Office of the General Counsel
> 4202 E. Fowler Avenue, CGS 301
> Tampa, FL 33620
> 813-974-1683
> 813-974-5236 (Facsimile)
> jadamcha@usf.edu

    The Appellees' Reply Brief is either misrepresenting this to the Court, or the Appellees' General Counsel was making fraudulent misrepresentations to the Appellant. Only a single one of these statements can be simultaneously true. If it is indeed the position of the Appellees that the SCED sanctions are not separate from the HRE determination, than the Appellees have not acted like it, as they did not allow the Appellant to live in on campus housing after the completion of the sanctions. It is the Appellants position that the Appellees statement in their Reply Brief is misleading and a lie, as the Appellees' previous statement have made it overwhelmingly clear that "[a]s you have been advised, the USF **decision rendered in the student conduct process by SCED is <u>separate</u>** from the housing and HRE determination." (emphasis added).

# CONCLUSION

For all of the forgoing reasons, this Court should **GRANT** this Motion. The Appellees' lies, misrepresentations have caused needless delay throughout this process. Even a cursory examination of the facts of the case would show inconsistencies with the Appellees' argument, such as comparing the Johnson Declaration to the other pleadings made by the Appellees in this case[3]. The Appelles did not even deny the Appellants allegations about their misrepresentations and lies. The Appellees need to be taught a lesson, and sanctions are the method of implementing that lesson. The sanctions should also not be a 'simple slap on the wrist'.

Respectfully submitted,

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
January 29th, 2025
Hillsborough County, Florida

Case No. 24-11175-H.

Frishberg v. University of South Florida

Board Trustees, et al.

---

[3] This is not to say that the Johnson Declaration is unbiased, just that it is more factually accurate than the other filings made by the Appellees. As it in itself includes inconsistencies, such as missing a screenshot taken from surveillance cameras that was provided to the Appellant before the case was initiated, but not to the Court. (This screenshot shows the Appellant with his Assistance Animal in the common area of the dwelling, and goes against the Appellees' narrative that the Assistance Animal was simply roaming the common area).

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure as well as Eleventh Circuit Rule 26.1-2, the undersigned Plaintiff Appellant hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Adams, Natalie Hirt, United States Magistrate Judge, Middle District of Florida;

2. Barber, Thomas, United States District Judge, Middle District of Florida;

3. Black, Melissa C., County Court Judge, Thirteenth Judicial Circuit, Hillsborough County, Florida

4. Bush Graziano Rice & Hearing, P.A., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

5. Capstone Development Partners, LLC;

6. Daniel Frishberg, Pro Se Plaintiff/Appellant;

7. Dyson, Sacha, counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

8. Harrison Street Real Estate Capital LLC;

9. HSRE-Capstone Tampa, LLC, Defendant/Appellee;

10. Sullivan, Kevin M., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees

11. University of South Florida Board of Trustees, Defendant/Appellee;

12. Department of Housing and Urban Development;

13. United States of America

No other trial judge, attorney, person, association of persons, firm, partnership, or corporation known to the Appellant, has any current interest in the outcome of this matter.

I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg

## **Certificate Of Compliance With Rule 27(d)(2)(A)**

The Appellant hereby certifies that this Motion complies with Rule 27(d)(2)(A) as the word count is less than 13,000 words and has been prepared in a proportionally spaced typeface in fourteen-point font of Times New Roman.

<u>*/s/ Daniel A. Frishberg*</u>
Daniel A. Frishberg

*[Rest of the page is intentionally left blank.]*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29th, 2025, a true and correct copy of Daniel A. Frishberg's *Appellant's Motion For Rule 11 Sanctions* was filed in the United States Court for Appeals For The 11th Circuit (via PACER/ECF) and electronically served upon the Defendants in the case.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
January 29th, 2025

*[Rest of the page is intentionally left blank.]*