CASE NO. 24-11175-H

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

DANIEL FRISHBERG

(Plaintiff/Appellant)

vs.

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, ET AL.

(Defendants/Appellees)
_____

An Appeal from the United States District Court
for the Middle District of Florida, Fort Myers Division
_____

District Court Docket No. 8:24-cv-00022-TPB-NHA
_____

APPELLEES' RESPONSE TO APPELLANT'S
MOTION FOR RULE 11 SANCTIONS

> SACHA DYSON
> Florida Bar No. 509191
> KEVIN M. SULLIVAN
> Florida Bar No. 1003812
> BUSH GRAZIANO RICE &
> HEARING, P.A.
> 100 S. Ashley Drive, Suite 1400
> Tampa, Florida 33602
> (813) 228-7000 (telephone)
> (813) 273-0091 (facsimile)
> sdyson@bgrhlaw.com;
> ksullivan@bgrhlaw.com

Case No. 24-11175-H.  
<u>Frishberg v. University of South Florida</u>  
<u>Board Trustees, et al.</u>  
C-1 of 2

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure as well as Eleventh Circuit Rule 26.1-2, the undersigned counsel of record hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Adams, Natalie Hirt, United States Magistrate Judge, Middle District of Florida;

2. Barber, Thomas, United States District Judge, Middle District of Florida;

3. Black, Melissa C., County Court Judge, Thirteenth Judicial Circuit, Hillsborough County, Florida

4. Bush Graziano Rice & Hearing, P.A., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

5. Capstone Development Partners, LLC;

6. Daniel Frishberg, Pro Se Plaintiff/Appellant;

Case No. 24-11175-H.
<u>Frishberg v. University of South Florida</u>
<u>Board Trustees, et al.</u>
C-2 of 2

7. Dyson, Sacha, counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

8. Harrison Street Real Estate Capital LLC;

9. HSRE-Capstone Tampa, LLC, Defendant/Appellee;

10. Sullivan, Kevin M., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees

11. University of South Florida Board of Trustees, Defendant/Appellee;

No other trial judge, attorney, person, association of persons, firm, partnership, or corporation known to the Appellees or their counsel, has any current interest in the outcome of this matter.

    I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

## RESPONSE TO MOTION

Appellant seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure. Appellant's Motion should be denied because Rule 11 does not apply to appellate proceedings; sanctions are not appropriate because there is no evidence that Appellees have acted in bad faith, unreasonably, or vexatiously; and any factual allegation has no legal effect on the outcome of the case.

**I.       Appellant's Motion Under Rule 11 Must Be Denied**

The Supreme Court has ruled that Rule 11 of the Federal Rules of Civil Procedure does not apply to appellate proceedings. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 406 (1990) ("On its face, Rule 11 does not apply to appellate proceedings."); see also Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings *in the United States district courts*" (emphasis added)). Rule 38 of the Federal Rules of Appellate Procedure must be invoked to obtain fees on appeal. Id. Appellant did not move for sanctions under Rule 38. For this reason alone, Appellant's motion must be denied.

**II.      Appellant Cannot Seek Relief Under Rule 38**

To the extent that Appellant intended to move for sanctions pursuant to Federal Rule of Appellate Procedure 38, the motion is meritless. Rule 38 does not authorize sanctions against an appellee. Debose v. Univ. of S. Fla. Bd. of Trs., 844 F. App'x 99, 103 (11th Cir. 2021) ("By its plain terms, however, Rule 38 applies

against appellants and in favor of appellees."); Caldwell v. Pesce, 639 F. App'x 38, 39 (2d Cir. 2016) ("Rule 38 does not authorize the imposition of sanctions against an *appellee*."). Thus, Appellant cannot seek relief under Rule 38.

### III.     Appellees Did Not Make Misrepresentations of Fact or Law

To the extent that Appellant's Motion could be interpreted to be seeking sanctions pursuant to 28 U.S.C. § 1927, or the Court's inherent authority, this Motion fails. Appellees have not acted in bad faith, unreasonably, or vexatiously. See 28 U.S.C. § 1927; Ransmeier v. Mariani, 718 F. 3d 64, 68 (2d Cir. 2013). Appellant argues that Appellees intentionally misrepresented facts as to the timeline of events in Appellees' Answer Brief. However, Appellant misunderstands Appellee's brief. Appellees do not make any assertions of fact. Instead, Appellees recounted the factual background as set forth in the Complaint because this is an appeal of the District Court's ruling on a Motion to Dismiss. Thus, Appellant's assertion that Appellees misrepresented facts is wholly without merit.

Appellant's argument relies entirely on statements and evidence submitted by Appellees in response to Frishberg's Injunction Motion (R16; see Motion at 7–9), as well as information that was never submitted to the trial court (see Motion at 9–10). As set forth above, Appellant's argument is misplaced.  Appellees and the trial court relied only on the facts alleged in the Complaint, which must be taken as true. Alvarez v. AG for Fla., 679 F. 3d 1257, 1259 (11th Cir. 2012) ("When considering

2

a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its considerations to the pleadings and exhibits attached thereto." (internal marks and citation omitted)). Thus, Appellees stated the facts as presented by Appellant in his Complaint, and Appellees did not act in bad faith or unreasonably by doing so.

Moreover, any alleged representation as to the timeline has no effect on the outcome of this case. Specifically, the District Court found that Eleventh Amendment immunity barred Appellant's claims under the Fair Housing Act ("FHA") and Florida Fair Housing Act ("FFHA"). (R27 at 4). The District Court recognized that Florida has not consented to suit brought in federal court under the FHA or FFHA, and neither law contains an explicit waiver of sovereign immunity. (Id. at 4–5). Further, the District Court concluded that the Ex parte Young exception did not apply because Appellant asserted no § 1983 claims against state officers related to prospective equitable relief and continuing violations of federal law. (Id. at 5–6). Appellant's breach of contract, quasi-contract, and other state law claims were similarly barred by sovereign immunity. (Id. at 7–9). Finally, the District Court dismissed with prejudice Appellant's Americans with Disabilities Act ("ADA") claim because the ADA does not cover emotional support animals. (Id. at 6–7). Neither the District Court's legal conclusions nor this Court's review turn on the timeline presented in Appellant's Complaint. Appellant provides no argument as to

3

how any statement of fact effected the dismissal of his claims or this Court's review of that decision.

For all of the foregoing reasons, Appellees have not made any misrepresentation of fact or law. They simply presented the factual background as set forth in Appellant's Complaint. This background is not dispositive of the claims and arguments before the Court. There is no basis for sanctions under Rule 11 of the Federal Rules of Civil Procedure, Rule 38, 28 U.S.C. § 1927, or the Court's inherent authority. Appellant has not and cannot show that Appellees acted in bad faith, unreasonably, vexatiously, or made any misrepresentation of fact or law.

WHEREFORE, Appellees respectfully request the Court to enter an order denying the Motion.

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportionally spaced typeface in fourteen-point font of Times New Roman. This response contains  1398  words.

Dated this 13th day of February, 2025

Respectfully submitted,

*/s/ Sacha Dyson*
SACHA DYSON
Florida Bar No. 509191
KEVIN M. SULLIVAN

4

                        Florida Bar No. 1003812
                        BUSH GRAZIANO RICE & HEARING, P.A.
                        100 S. Ashley Drive, Suite 1400
                        Tampa, Florida 33602
                        (813) 228-7000 (telephone)
                        (813) 273-0091 (facsimile)
                        sdyson@bgrhlaw.com;
                        ksullivan@bgrhlaw.com
                        Attorneys for Appellees

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 13th day of February, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to:

Daniel Frishberg
284 Monroe Drive
Mountain View, CA 94040

Pro Se Plaintiff/Appellee

                        */s/ Sacha Dyson*
                        Attorney