No. 24-11175-H

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

_____

Daniel Frishberg, *Plaintiff-Appellant*,

v.

University Of South Florida Board Of Trustees, HRSE-Capstone Tampa, LLC, *et. al*, *Defendant-Appellee(s)*

Appeal from the United States District Court for the Middle District of Florida

No. 8:24-cv-00022-TPB-NHA[1]

_____

# APPELLANT'S RESPONSE IN SUPPORT OF APPELLANT'S MOTION FOR RULE 11 SANCTIONS

_____

Daniel Frishberg, *Pro Se*

danielfrishberg@usf.edu[2]

754-237-8472

---

[1] https://ecf.flmd.uscourts.gov/cgi-bin/DktRpt.pl?422507
[2] The Plaintiff-Appellant does not have an "Office Address", so he has provided an email instead.

USCA11 Case: 24-11175     Document: 46     Date Filed: 02/24/2025     Page: 2 of 14


# TABLE OF CONTENTS

I. Introduction

II. Argument

    1. **Specific Evidence/Statement Made In The Appellant's Complaint**

    2. **Misrepresentations Made In The District Court**

    3. **The Appellees' Assertions About Recounting The Factual Background Laid Out In The Appellant's Complaint Are Incorrect**

    4. **The Appellees' Previous Misrepresentations Fatally Tainted The District Court's Decision**

IV. Conclusion

**Certificate Of Interested Persons And Corporate Disclosure Statement**

**Certificate Of Compliance With Rule 27(d)(2)(A)**

**Certificate Of Service**

## **Introduction**

The Appelles continue with their misleading arguments in their response (the "<u>Response</u>"), including when they stated that "Appellees stated the facts as presented by Appellant in his Complaint, and Appellees did not act in bad faith or unreasonably by doing so". **Not so**. The Appellees are *not* recounting facts from the Appellant's Complaint, since the Appellant's Complaint did not contain the purported facts they incorrectly presented as factual. To the contrary, the Appellant's Complaint contains the exact opposite of what they claim, since it stated that the purported termination of the Housing Agreement occurred *before* the SCED hearing was even held. In regards to the request for sanctions under Rule 11, the issues raised in the Motion For Sanctions (the "<u>Sanctions Motion</u>") were not exclusive to litigation in this (the Circuit) Court. The Appellees' misrepresentations, and misleading statements also occurred in the District Court. Part of this appeal is because of the misrepresentations made by them to the District Court, which caused the District Court to commit a clear error by misunderstanding and misstating crucial facts of the case. The Appellant believes that if the District Court properly interpreted the Appellant's Complaint, it would have allowed the Appellant to amend the Complaint to specifically include a claim under the Rehabilitation Act, or interpreted it as being brought under the Rehabilitation Act. The Appellant never stated that he was given an opportunity to

complete sanctions before the purported termination of the Housing Agreement, nor did the Appellant ever reverse the order of events, like the Appellees did in their recounting of the purported 'facts'. The reason why this is important, is that since the Appellees did not give the Appellant a option to be in the common area of the dwelling with his ESA, which is a clear violation[3] of both State and Federal law.. The Appellees also misrepresented to the District Court[4] that the Appellant was allowing his ESA to roam the common area of the dwelling "unaccompanied". **This is not so**. The Appellant believes that the Appellees' misrepresentations affected the District Court in its ruling.

# ARGUMENT

The Appellees are once again misrepresenting what the Plaintiff included in his complaint. The Appellees did not "state[] the facts as presented by Appellant in his Complaint". Contrary to the Appellees' claims that they "recounted the factual background as set forth in the Complaint", the Appellees did no such thing, as the Appellant **never** alleged or stated that "USF imposed a requirement that Frishberg pay a fee and take educational courses on

---

[3] For the avoidance of doubt, the violation is not allowing the Appellant to enjoy equal access to the common area of the dwelling with his emotional support animal.

[4] If this Court is the incorrect place to file a Motion For Sanctions, the Appellant can file the Motion For Sanctions in the District Court. The Appellant believes that this is the correct Court, as misrepresentations, and outright lies also occurred in this Court.

civility as a sanction for his violation of the rules"[5] **before** the purported termination of the Housing Agreement by USF. A careful reading of the Appellants Complaint will show the Appellees' statements for what they are: misleading, and misrepresentations.

### 1. Specific Evidence/Statement Made In The Appellant's Complaint

The Appellees' claims that they were simply recounting what the Appellant's Complaint said is grossly misleading, and crosses the line into being a lie. In the Complaint, the Appellant included numerous pieces of evidence showing that the Appellees purported to terminate his Housing Agreement on November 17th, 2023, and *no* evidence that it occurred after the sanctions were issued. Also, he unambiguously stated the same under Count 11 (Intimidation[6]). Exhibit B from the Appellant's Complaint contains the letter sent by USF purporting to terminate the Housing Agreement. The below is a excerpt from the Appellants Complaint:

"When that didn't work in scaring me into getting rid of my Assistance Animal, USF (unsuccessfully) threatened the me on **November 17th,** at approximately 2pm EST by saying that "the police will drag you out on Monday [November 21st, 2023] if you don't leave" and "if you're not out of here by 9 am on Monday [November 21st, 2023], the USF Police Department will remove you, and your stuff". After I refused, they eventually left. I emailed the Defendants and asked to confirm that I heard them correctly, and in response I got an email purporting to

---

[5] Excerpt from the Appellees' Reply Brief.
[6] The count was listed as such in the complaint.

"administratively cancel" the Housing Agreement (*See* **Exhibit B**)." (Emphasis added). Any allegation that the Appellant claimed that he was given an opportunity to complete sanctions before his Housing Agreement was purportedly terminated is false. A reading of the Appellants *Complaint*, and the *Response to the Appellants' Motion To Dismiss* would show this.

The Appellees also misstated the Appellants arguments in their *Reply Brief*, including when they argued that the Appellant's "Initial Brief does not even challenge the District Court's rulings in the Order Granting Appellees' Motion to Dismiss regarding dismissal of his claims." **Not so**. A reading of the questions on appeal, and the *Appellants Opening Brief*, would make this clear.

2. **Misrepresentations Made In The District Court**

Another example of a misrepresentation to the District Court, which the Appellant raised in his *Response To Defendant's Motion To Dismiss* is when the Appellees submitted two screenshots taken from security cameras (in the Johnson Declaration) but did not include a third screenshot showing the Appellant in the common area of the dwelling. Due to the angle of the camera[7] that the Appellees chose, the Appellant is not visible in the first two screenshots, which were the ones

---

[7] It should be noted that the Appellees (presumably) had access to another camera whose field of view covered the common area where the Appellant was, but instead chose to use misleading photos which showed the ESA sneaking around a corner.

submitted to the Court by the Appelles. *See* the screenshot directly below as **Exhibit A**.

**EXHIBIT A:**

Response **Exhibit A**[60]:



The Appellees stated in no uncertain terms that "Frishberg had allowed his cat to be unrestrained **and unaccompanied in the common lounge area** on the 5th floor of the dorm, the floor where Frishberg resided"[8] (emphasis added), even though they had evidence to the contrary, which they intentionally withheld from the District Court. The

---

[8] This was stated by the Appellees in the *Defendants Motion To Dissolve The Temporary Restraining Order*. (This was treated as a Motion To Dismiss by the Court, and is referred to as such by the Appellant earlier in this filing).

Appellees have continued their pattern of misleading and inaccurate arguments in this Court.

## 3. **The Appellees' Assertions About Recounting The Factual Background Laid Out In The Appellant's Complaint Are Incorrect**

The Appellees purport that their misleading claims, which include borderline lies, were simply them recounting "the factual background as set forth in the Complaint". **Not so**. A reading of the Complaint would show as much. Looking at <u>Exhibit B</u> of the Complaint, it would be clear that the email purporting to terminate the Appellant's Housing Agreement was sent on November 17th, 2023. <u>Exhibit E</u> of the Complaint would show that the letter assigning sanctions from SCED was sent on November 21st, 2023. The Appellees continue their pattern of misrepresentation. This Court should sanction them for this.

## 4. **The Appellees' Previous Misrepresentations Fatally Tainted The District Court's Decision**

The District Court relied on incorrect information provided by the Appellees in issuing its Order, which caused it to misunderstand numerous critical facts of the

case. The District Court should have allowed the Appellant to correct the deficit in his Complaint (bringing a claim under the Fair Housing Act[9] instead of the Rehabilitation Act). The picture that the Appelles presented, of the Appellant allowing his ESA to roam the common area unattended, refusing the chance to complete sanctions before having the Housing Agreement purportedly terminated, and generally portraying the Appellant in a negative[10] light, is one of a claim that may not be sufficient to succeed under the Rehabilitation Act. The picture the Appellees presented is both inaccurate, incorrect, a misrepresentation, and at times an outright lie. The Appellant never intentionally allowed his ESA to be in the common area unattended, and has made this much clear to the District Court.

## CONCLUSION

The Appellants' Motion For Sanctions should be **GRANTED**, and the Appellees should be **SANCTIONED** for their misrepresentations. The Appellees continue to attempt to mislead this Court, just as they mislead the District Court. Contrary to the Appellees' claims, they are not recounting facts from the

---

[9] The Appellant's position is that the Fair Housing Act applies to the Appellees, even if they have immunity to claims brought under it. The Rehabilitation Act was created for specifically this reason, to allow individual citizens to bring claims under the Rehabilitation Act against State entities.

[10] For the avoidance of doubt, the Appellant is not concerned with the Appellees' smearing, but does have issue with their misrepresentations. For the avoidance of doubt, the Appellant does NOT state that what the Appellees said is true, but is recounting what they stated.

Appellant's Complaint, since the Appellant's Complaint did not contain the purported facts they presented as factual.

Respectfully submitted,

<u>/s/ Daniel A. Frishberg</u>
Daniel A. Frishberg
*Pro Se*
February 24th, 2025
Hillsborough County, Florida

Case No. 24-11175-H.

<u>Frishberg v. University of South Florida</u>

<u>Board Trustees, et al.</u>

*[Rest of the page is intentionally left blank.]*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure as well as Eleventh Circuit Rule 26.1-2, the undersigned Plaintiff Appellant hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Adams, Natalie Hirt, United States Magistrate Judge, Middle District of Florida;

2. Barber, Thomas, United States District Judge, Middle District of Florida;

3. Black, Melissa C., County Court Judge, Thirteenth Judicial Circuit, Hillsborough County, Florida

4. Bush Graziano Rice & Hearing, P.A., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

5. Capstone Development Partners, LLC;

6. Daniel Frishberg, Pro Se Plaintiff/Appellant;

7. Dyson, Sacha, counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees;

8. Harrison Street Real Estate Capital LLC;

9. HSRE-Capstone Tampa, LLC, Defendant/Appellee;

10. Sullivan, Kevin M., counsel for Defendants, University of South Florida Board of Trustees and HRSE-Capstone Tampa, LLC, Defendants/Appellees

11. University of South Florida Board of Trustees, Defendant/Appellee;

12. Department of Housing and Urban Development;

13. United States of America

No other trial judge, attorney, person, association of persons, firm, partnership, or corporation known to the Appellant, has any current interest in the outcome of this matter.

I hereby certify pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg

## **Certificate Of Compliance With Rule 27(d)(2)(A)**

The Appellant hereby certifies that this Motion complies with Rule 27(d)(2)(A) as the word count is less than 13,000 words and has been prepared in a proportionally spaced typeface in fourteen-point font of Times New Roman.


*/s/ Daniel A. Frishberg*
Daniel A. Frishberg


*[Rest of the page is intentionally left blank.]*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24th[11], 2025, a true and correct copy of Daniel A. Frishberg's *Appellant's Motion For Rule 11 Sanctions* was filed in the United States Court for Appeals For The 11th Circuit (via PACER/ECF) and electronically served upon the Defendants in the case.

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
February 24, 2025

*[Rest of the page is intentionally left blank.]*

---

[11] This filing was filed and served at approximately 2am EST.